Nationwide Insurance Company, Appellant, *v.* Workmen's Comenpsation Appeal Board and Mrs. Marion Rutch, Widow of Patrick J. Rutch, deceased, Appellees.

Argued June 6, 1975, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Raymond F. Lowery,* for appellant.

*Thomas S. McCready,* with him, *James N. Diefender-fer,* for appellees.

OPINION BY JUDGE BLATT, September 18, 1975:

This is an appeal from the Workmen's Compensation Appeal Board (Board) which reversed a referee's denial of benefits to Marion Rutch (claimant), the widow of Patrick J. Rutch (decedent). Nationwide Insurance Company, the decedent's employer, appeals to us.

The decedent was employed as an insurance sales agent when, during 1971, his employer's regional office conducted a sales promotional contest. According to its terms, each agent whose sales volume totaled $100,000 between August 1 and September 30 was to be awarded tickets for an October 10 professional football game in Philadelphia, along with $5.00 for expenses. The decedent's sales met the requisite volume, and, while driving with his son on the way from their home in Summit Hill to the game, he and his son were both killed in an accident on the highway.

The issue with which we are here confronted is whether or not the decedent's death resulted from an "injury by an accident in the course of his employment" within the meaning of Section 301(c) of the Workmen's Compensation Act,[1] 77 P. S. §411 as it existed in 1971 at the time of the injury. Clearly his injuries occurred off his employer's premises, and his widow must consequently rely upon her argument that these injuries were sustained while the decedent was actually engaged in the further-ance of the business or affairs of his employer. This is ultimately a question of law to which our scope of review, of course, extends. *See Rabenstein v. State Work-men's Insurance Fund,* 15 Pa. Commonwealth Ct. 160, 325 A.2d 681 (1974). The application of the law, however,

---

1. Act of June 2, 1915, P. L. 736, *as amended.*

must be based upon the facts as found by the referee, for the Board's decision was filed on February 21, 1974, well after the effective date of the 1972 amendments to the Workmen's Compensation Act.[2] *See Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). After reviewing the referee's decision and the record upon which it is based, we must conclude that the referee properly determined that the decedent was not in the course of his employment at the time of the accident which led to his death.

The crucial fact here is that the employer was entirely unconcerned as to whether or not the winners of the contest here concerned actually attended the game en route to which the decedent was killed. The evidence is clear that the winners were free to sell their tickets, to give them away or simply not to use them. Moreover, transportation to and from the game was to be arranged individually by each winner who cared to attend. The game was, therefore, not an event at which association among employees was encouraged or even necessarily anticipated by the employer. The two cases cited by the claimant, *Miller v. Keystone Appliances, Inc.,* 133 Pa. Superior Ct. 354, 2 A.2d 508 (1938) and *Kelly v. Ochiltree Electric Company,* 125 Pa. Superior Ct. 161, 190 A. 166 (1937) are distinguishable. In *Miller,* the employee was injured in an auto accident during his return from a company picnic which he was strongly encouraged by his employer to attend. In *Kelly,* the accident occurred while the employee who was injured therein was returning from a company-sponsored convention. In both cases employee activities which were largely social also served the em-

---

2. For purposes of this case, the 1972 procedural amendments are effective, although the claimant's substantive rights must be determined in accordance with the statute in effect at the time of his injury. *See 1 A. Barbieri, Pennsylvania Workmen's Compensation* §207.

ployer's interest in promoting fraternization and cooperation among the employees. In the case before us, however, no such purpose was involved.

It was argued that participation in such a contest as was here concerned would further the employer's business in that it would increase total sales, and that may well be true. But the employee here was killed, not while participating in the contest but in enjoying his prize for such participation, something which he was not required to do and which in and of itself did not further the business of his employer. We, therefore, issue the following

ORDER

AND NOW, this 18th day of September, 1975, the order of the Workmen's Compensation Appeal Board is hereby reversed and the claimant is denied benefits.