E. Byron Woodbridge, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue, Respondent.

Argued June 4, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Ralph B. Pinskey,* for petitioner.

*Nicholas J. Lamberti,* Assistant Attorney General, with him *Harvey A. Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, October 8, 1981:

E. Byron Woodbridge, a civil service employee, has appealed from an order of the State Civil Service Commission which dismissed his appeal from his removal from Management Analyst IV, regular status, and sustained the action of the Department of Revenue in his removal from that position.

The facts which led to this appeal are neither complicated nor disputed. Woodbridge was employed in the classified service as a Management Analyst IV, regular status, and he occupied the position of Assistant Administrator of the Bureau of Administrative Services in the Department of Revenue. As a result of an investigation initiated by the Secretary of Revenue, Woodbridge and five other employees of the Bureau of Administrative Services were accused of using Department of Revenue duplicating equipment for personal use.

Woodbridge admitted that he had utilized Department materials and personnel at various times to (1) make approximately 500 copies of a golf course

layout, (2) copy a plan for the construction of a new house, (3) copy a golf recap sheet, and (4) make several hundred school dance tickets.

When reflecting upon these facts, the mind of the writer of this opinion is instantly drawn to the admonition repeatedly offered long ago to him and his classmates by a wise grade school teacher.[1] That admonition was that "honesty in little things is not a little thing." Yet, it would seem that even public service can accommodate de minimis lapses from absolute husbandry.[2]

However, we are required to affirm the Commission's order unless it is not consonant with the law, constitutional rights have not been observed, or necessary findings are not supported by substantial evidence. *Fleming v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 421, 319 A.2d 185 (1974). Testing the record in this case by this standard of review, we must affirm.

Although one might have considered the admitted offenses here as of insufficient consequence to justify the discharge of a capable employee,[3] we cannot state that the Commission erred or was at variance with the law when it entered its order which was based on the following reasoning:

---

[1] Mrs. Laura Van Dusen.

[2] Undoubtedly, employees, public and private, can be found who have never engaged in personal endeavors on their employer's time and who have never made an unauthorized telephone call, utilized improperly a stamp, envelope, or sheet of stationery, or appropriated, to their own use, rubber bands, paper clips, and ballpoint pens. However, they may not be legion.

[3] *See Benjamin v. State Civil Service Comm'n,* 17 Pa. Commonwealth Ct. 427, 332 A.2d 585 (1975) (employee removed for claiming mileage reimbursement for use of privately owned car in county business when, in fact, he was using a county-owned vehicle); *Hughes v. State Civil Service Comm'n,* 17 Pa. Commonwealth Ct. 344, 331 A.2d 590 (1975) (employee removed for appropriating a truck tire from a Youth Development Center's inventory to his own use).

As appellant admits to his involvement in the four noted incidents, only one significant question is presented, whether the appointing authority has presented just cause sufficient to support appellant's removal under Section 807 of the Civil Service Act. (71 Pa. C.S.A. §741.807) Appellant has presented two charges in opposition to such finding. He first asserts that he had no notice until September, 1978, of any policy against copying for personal use. Such argument cannot be accepted by this Commission. Appellant, a long-time managerial employe, by exercise of mere common sense, should have been aware that neither the Commonwealth nor any other employer would approve of the appropriation of its facilities for non-work-related actions. Appellant's charge that other Commonwealth employes committed similar acts does not right the wrong he, himself, has committed. Accordingly, such challenge to the apointing authority's action is dismissed.

Appellant's second contention, that only managerial employes were removed for such actions, is also dismissed. The appointing authority validly held such employes to a higher standard of conduct. As representatives of management who must enforce management's policies on lower-level employes, these individuals should strictly adhere to such standards themselves.

Accordingly, we must conclude, limited by our scope of review, that the State Civil Service Commission's determination that the removal of E. Byron Woodbridge was for just cause was in accord with the law and must be affirmed.[4]

---

[4] After the record in this proceeding was closed by the State Civil Service Commission, counsel for the Department of Revenue

## ORDER

AND Now, this 8th day of October, 1981, the appeal of E. Byron Woodbridge from the June 25, 1980 order of the State Civil Service Commission is hereby dismissed, and said order sustaining the action of the Department of Revenue in the removal of E. Byron Woodbridge from his position as Management Analyst IV, regular status, effective at the close of business August 10, 1979, is hereby affirmed.

-----

DISSENTING OPINION BY JUDGE CRAIG:

I must respectfully dissent because I cannot bring myself to agree that Mr. Woodbridge's abuse of state copymaking facilities, forthrightly admitted by him, constitutes "just cause sufficient to support appellant's removal"—as the Civil Service Commission has stated the issue. In *Master v. State Civil Service Com-*

-----

sent to the Commission a copy of the order and decision of the Unemployment Compensation Board of Review which held that E. Byron Woodbridge, under the facts of the instant case, was discharged from employment for "willful misconduct" and therefore was not eligible for unemployment compensation benefits. We in no way condone counsel's unilateral action in this regard after the record was closed. Further, the order of the Unemployment Compensation Board of Review is not relevant to these proceedings. *See Lebanon County Bd. of Assistance v. Unemployment Compensation Bd. of Review*, 16 Pa. Commonwealth Ct. 558, 332 A.2d 888 (1975). The "just cause" for the removal of a civil service employee is a different standard from that of "willful misconduct" which renders a worker ineligible for unemployment compensation benefits.

However, we are of the view that counsel's unwarranted action did not influence the Commission and did not prejudice Woodbridge. It is evident that the Commission's reasoning, set out in our opinion, and the basis for its order under challenge here, was totally independent and made without consideration of the determination of the Unemployment Compensation Board of Review. *Compare Grcich v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 62, 427 A.2d 299 (1981).

*mission,* 14 Pa. Commonwealth Ct. 393, 322 A.2d 426 (1974), we established that petty infractions may be insufficient to constitute "just cause" for dismissal.

This offense is so clearly one calling for a reprimand or suspension, rather than discharge, that it lies outside of the rule which forbids us from second-guessing administrators or the Civil Service Commission with respect to the degree of penalty. *See Losieniecki v. Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 194, 395 A.2d 304 (1978).

When an administrator discharges an employee for an announced cause which is inadequate to justify the ultimate penalty of discharge, such circumstances indicate the possibility of an undisclosed reason as the true basis for removal; although the record here does not substantiate the existence of any undisclosed basis, we should not, by approving an insufficient cause for removal, create a likelihood that administrators could hereafter effectuate discharges by the use of surrogate reasons.