600 A.2d 701

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Petitioner,**

v.

**Joseph P. GALANT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 1990.

Decided Dec. 6, 1991.

Reargument Denied Jan. 27, 1992.

86

Patrick H. Bair, Asst. Counsel, for petitioner.

Edgar R. Casper, for respondent.

Before CRAIG, President Judge, KELLEY, J., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

The Department of Environmental Resources (DER) petitions this Court to review an order of the State Civil Service Commission (Commission) which sustained the appeal of Joseph P. Galant from his removal as a regular sanitarian supervisor with DER. We reverse.[1]

Galant was employed as a sanitarian supervisor in DER's Bureau of Community Environmental Control. By letter dated November 15, 1988, Galant was notified that he was being removed from his position, effective at the close of business on November 16, 1988, for the following reasons:

1. As a Field Supervisor, [he] [was] absent without approved leave from [his] duty assignment on numerous occasions, between June, 1986 and February, 1988.

2. [He] used Commonwealth telephones and [his] Commonwealth issued telephone credit card for personal and private business calls resulting in improper charges to the Commonwealth.

3. [He] attempted to sell life insurance, deferred compensation plans, and recruit sales representatives among Commonwealth employes during working hours.[2]

▆▆ Galant appealed his removal to the Commission pursuant to Section 951(a) of the Civil Service Act, Act of

1. This case was reassigned to the opinion writer on September 16, 1991.

2. In October 1985, Galant had applied for permission to act as a part-time insurance agent in addition to his employment with DER. The Commonwealth granted such permission as long as Galant did not solicit his insurance (a) during working hours; (b) at Commonwealth facilities; or (c) with any entity or any officer, agent, or employee of any entity regulated by his Bureau.

August 5, 1941, P.L. 752, *as amended*, 71 P.S. § 741.951(a).[3] After a hearing, the Commission concluded that, based on the evidence presented, DER had failed to establish just cause [4] for Galant's removal. Accordingly, the Commission ordered that Galant be reinstated to his position and reimbursed for all but thirty days of back pay.[5] This petition for review followed.[6]

DER contends that, because the record and findings of the Commission support DER's charges against Galant as contained in its removal letter, the Commission, as a matter of law, was duty-bound to sustain Galant's removal. As authority for its position, DER cited *Omelchenko v. Housing Authority of the County of Lebanon*, 58 Pa.Commonwealth Ct. 494, 428 A.2d 274 (1981).

In *Omelchenko*, we reversed the Commission's order modifying the Housing Authority's disciplinary action because the Commission's own findings supported the Authority's charges. It was clear to us there that the Commission,

3. At the time of Galant's appeal, Section 951(a) provided in pertinent part:

> (a) Any regular employe in the classified service may, within twenty calendar days of receipt of notice from the appointing authority, appeal in writing to the commission. Any permanent separation, suspension for cause, furlough or demotion on the grounds that such action has been taken in this case in violation of the provisions of this act, upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing.... [Footnote omitted].

Section 951(a) was later amended by Section 20 of the Act of June 26, 1989 (Act 10), P.L. 47, 71 P.S. § 741.951(a). The Commission noted in its opinion that all references to the Civil Service Act in its adjudication addressed the Act as it stood prior to the enactment of Act 10.

4. According to Section 807 of the Civil Service Act, 71 P.S. § 741.807:

> No regular employe in the classified service shall be removed except for just cause.

5. The Commission withheld thirty days pay from the award of back pay because it found that Galant was not entirely without fault with respect to the charges lodged.

6. In civil service cases, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *Ross v. Civil Service Commission*, 98 Pa.Commonwealth Ct. 565, 511 A.2d 941 (1986).

in modifying the disciplinary action imposed, substituted itself for the appointing authority. This, we held, it could not do.

█ The general principle espoused by this Court in *Omelchenko* was concisely stated as follows:

> If the charges on which a removal is based relate to the merits of the employee's work performance and if the charges are supported by the Commission's own findings, the Commission must uphold the appointing authority's disciplinary action. Only if the charges are not made out, may the Commission modify the appointing authority's action by reinstating the employee—with or without back pay.

*Id.*, 58 Pa.Commonwealth Ct. at 497, 428 A.2d at 275–276.[7]

In the present case, the Commission evaluated the evidence presented by both parties. With respect to the first charge, Galant's alleged absence without approved leave on numerous occasions, the Commission found that, on the two days Galant was being observed by an investigator, he

7. We note, in passing, that had Galant's removal occurred after the effective date of Act 10, we would not have applied our holding in *Omelchenko* to the facts, since Section 952(c) of the Civil Service Act, 71 P.S. § 741.952(c), which was added by Section 21 of Act 10, has, for all intents and purposes, invalidated that holding. *See Pennsylvania Liquor Control Board v. Flannery,* 141 Pa.Commonwealth Ct. 228, 595 A.2d 685 (1991). Section 952(c) of the Civil Service Act provides:

    (c) In the case of any employe removed, furloughed, suspended, or demoted, the commission may modify or set aside the action of the appointing authority. Where appropriate, the commission may order reinstatement, with the payment of so much of the salary or wages lost, including employe benefits, as the commission may in its discretion award.

    Because we believe that Section 952(c) connotes a substantive change in the Civil Service Act, rather than merely a procedural change, in that it gives the Commission the power to grant a remedy previously unavailable, and because Galant's removal occurred prior to the effective date cf Act 10, the enactment of Section 952(c) does not affect our review of this case. *See generally Nationwide Insurance Company v. Workmen's Compensation Appeal Board,* 21 Pa.Commonwealth Ct. 243, 245 n. 2, 344 A.2d 756, 757 n. 2 (1975) (a petitioner's substantive rights must be determined in accordance with the statute in effect at the time of his injury). As such, our holding in *Omelchenko* is binding precedent and, therefore, controlling in the case at bar.

failed to submit leave slips for a period of about forty-six minutes on the first day and for fifty-six minutes on the second day.[8] As for the other absences asserted, the Commission found (1) that credible evidence established that Galant had worked on department reports at home and that no evidence was presented to establish that he either failed to actually perform the work or otherwise acted in a manner inconsistent with an "at work" status; (2) that DER had failed to demonstrate that Galant's few extended lunch hours constituted an abuse worthy of severe discipline; and (3) that DER's charge that Galant was absent without leave on at least forty occasions was unsubstantiated by the evidence on record.

With respect to the second charge, Galant's alleged use of Commonwealth telephones and his Commonwealth telephone credit card for personal and private business calls, the Commission noted that, at the hearing, Galant had admitted that he used the Commonwealth telephones and credit card for calls regarding his insurance business during work hours.[9]

With respect to the third charge, Galant's alleged attempts to sell life insurance and deferred compensation plans and to recruit sales representatives among Commonwealth employees during working hours, the Commission found that, from the testimony presented, Galant's conversations with his co-workers were simply an elicitation of an expression of interest. On one occasion, however, the Commission found that Galant acted in a questionable manner by soliciting a co-worker.

**8.** It was the Commission's opinion that, while some type of disciplinary action may have been appropriate since Galant apparently failed to submit leave slips for this time, these two incidents did not warrant his removal.

**9.** Even so, the Commission found that the evidence demonstrated that Galant was not a chronic violator, that his calls amounted to $17.32 over a period of one year, and that Galant had reimbursed the Commonwealth for the expenses he incurred. As such, the Commission concluded that Galant's conduct was not significant enough to warrant his removal.

■ From our review of the evidence, it appears as though the Commission's findings support DER's charges.[10] Having found that Galant had done the things charged by DER, the Commission's duty was simply to decide whether the charges described matters which were just cause for removal.

■ It is undisputed that, under Section 807 of the Civil Service Act, removal for just cause must be merit-related.

> This means that any 'personnel action' carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability.

*Corder v. Civil Service Commission,* 2 Pa.Commonwealth Ct. 462, 467, 279 A.2d 368, 371 (1971).

Here, DER's charges against Galant clearly relate to Galant's performance of his duties. He could not have been properly executing his duties as a supervisor when he was absent from the job, on the telephone with personal business, or soliciting insurance. Moreover, as a representative of management who must enforce management's policies on lower-level employes, Galant was expected to strictly adhere to such standards himself. *See Woodbridge v. Department of Revenue,* 62 Pa.Commonwealth Ct. 140, 435 A.2d 300 (1981). For these reasons, we hold that DER's charges relate to Galant's job performance and touch in some rational and logical manner upon his competency and ability.

■ Because there was just cause for Galant's removal, and because the Commission did not have the power, under

10. The Commission even admits in its adjudication that Galant was not without fault with respect to the charges lodged. Even though the Commission did not find enough evidence to support all aspects of DER's charges, it did find that infractions of each charge occurred.

*Omelchenko*, to alter DER's disciplinary action, we must reverse the Commission's decision.[11]

## ORDER

AND NOW, this 6th day of December, 1991, the adjudication of the State Civil Service Commission in the above-captioned proceeding is hereby reversed.

KELLEY, Judge, dissenting.

I respectfully dissent on two separate bases.

Assuming that the *Omelchenko* standard applies, only if the appointing authority's charges are not made out may the Commission modify the appointing authority's action. The majority notes that DER's charge that Galant was absent without leave on at least forty occasions was unsubstantiated by the evidence on record. DER also alleged before the Commission that Galant had improperly discussed life insurance with five workers during working hours. The Commission found that only one improper discussion occurred. It is clear that the Commission did not accept all of the charges made by DER. It was, therefore, proper for the Commission to modify DER's action under *Omelchenko*.

The majority, in concluding that the charges were proven, looks to the general charges contained in the termination letter. For example, the majority concludes that the charge that Galant "attempted to sell life insurance, deferred compensation plans, and recruit sales representatives among Commonwealth employes during working hours" was proven because of the Commission's finding that Galant acted improperly in discussing insurance at work on one of five alleged occasions. I believe it is incorrect to use the general charge in the termination letter as the charge which must be proven in order to satisfy *Omelchenko*. DER's action in terminating Galant was based on the specific charges made

11. Having made this determination, it is unnecessary for us to address DER's second contention.

before the Commission, and if the Commission does not conclude that all of these charges were proven, the Commission should be permitted to modify DER's action.

The second basis for my dissent is my belief that the *Omelchenko* standard does not apply in this case. In fn. 7 of its opinion, the majority notes that Section 952(c) of the Civil Service Act invalidates *Omelchenko* and gives the Commission the power to modify the appointing authority's action regardless of whether the charges of the authority are proven. The majority states, however, that this section of the Act does not apply to this case because the section connotes a substantive change to the Act and because Galant's removal occurred before the section was added to the Act.

I believe that Section 952(c) does not make a substantive change in the law but merely changes the Commission's scope of review, which is a procedural matter. Where legislation concerns scope of review, it is not only applied to litigation begun after its passage, but also to litigation existing at the time of passage. *Boyd C. Wagner, Inc. v. Shamokin Area School District,* 120 Pa.Commonwealth Ct. 596, 549 A.2d 1004 (1988). Section 952(c) does not change an employee's substantive rights under the Act. An employee still may be terminated only for just cause. The only change made by Section 952(c) is as to what body can make the determination that an employee's conduct constitutes just cause, the appointing authority or the Commission. This change is similar to that made in *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973), where an amendment to The Pennsylvania Workmen's Compensation Act [1] shifted the role of fact-finder from the Workmen's Compensation Appeal Board to the referees. We concluded in that case that the change applied to cases which were pending at the time because the amendment altered the board's scope of review.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

94

Accordingly, Section 952(c) of the Act should have been considered in this appeal. I would affirm the order of the Commission.