626 A.2d 496

**Joseph P. GALANT, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Appellee.**

Supreme Court of Pennsylvania.

Argued May 4, 1993.

Decided May 26, 1993.

18

Edgar R. Casper, Harrisburg, for appellant.

Patrick H. Bair, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This is an appeal from the order of the Commonwealth Court which reversed the order of the Civil Service Commission. The Commission reversed the decision of the Department of Environmental Resources (DER) which removed appellant from his position as a regular sanitarian supervisor. The pertinent facts are as follows: Appellant was employed as a sanitarian supervisor in the DER's Bureau of Community Environmental Control. By letter dated November 15, 1988, Galant was notified that he was being removed from his position, effective at the close of business on November 16, 1988, for being absent without approved leave on numerous occasions, using Commonwealth telephones for personal calls and selling life insurance during work hours.[1]

██ Appellant appealed his removal to the State Civil Service Commission pursuant to Section 951(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.951(a). The Commission found that, based on the evidence presented, although Appellant was not entirely without fault with respect to the charges lodged, DER had failed to establish "just cause" for Appellant's removal.[2] Thus, the Commission modified the disciplinary action imposed by or-

---

1. In October 1985, appellant had applied for permission to act as a part-time insurance agent in addition to his employment with DER. The Commonwealth granted appellant permission as long as appellant did not solicit his insurance (a) during working hours; (b) at the Commonwealth facilities; or (c) with any entity or any officer, agent, or employee of any entity regulated by his Bureau.

2. According to Section 807 of the Civil Service Act, 71 P.S. § 741.807, no regular employe in the classified service shall be removed except for just cause. "Just cause" must be merit-related and the criteria must touch upon competency and ability in some rational and logical manner. *Corder v. Civil Service Commission,* 2 Pa.Commw. 462, 467, 279 A.2d 368, 371 (1971).

dering that appellant be reinstated to his position and reimbursed for all but thirty days of backpay.

Appellee DER appealed to the Commonwealth Court which reversed the Commission's decision because it found that just cause for dismissal had been established by the DER and the Commission had no authority to modify the DER's disciplinary action. *Department of Environmental Resources v. Galant,* 144 Pa.Commw. 85, 91, 600 A.2d 701, 704 (1991). The Commonwealth Court concluded that the Commission's findings supported each of DER's charges, even though DER was not able to establish all "counts" of the charges and that DER's charges related to the merits of Appellant's duties. The court stated that having found appellant had done the things charged by DER, the Commission's duty was simply to decide whether the charges described matters which were "just cause" for removal.

The Commonwealth Court based its decision on *Omelchenko v. Housing Authority of County of Lebanon,* 58 Pa.Commw. 494, 428 A.2d 274 (1981). In *Omelchenko,* the Commonwealth Court held that the Commission has no power to modify a disciplinary action when the charges on which a removal is based relate to the merits of the employee's work performance and the charges are supported by the Commission's own findings. *Omelchenko,* 58 Pa.Commw. at 497, 428 A.2d at 275–76.

However, Section 952(c) which supersedes the decision in *Omelchenko, supra,* was added to the Civil Service Act on June 26, 1989, after Appellant's removal but before the Commission's adjudication of April 4, 1990.[3] This section provides as follows:

> In the case of any employe removed, furloughed, suspended, or demoted, the commission may modify or set aside the action of the appointing authority. Where appropriate, the commission may order reinstatement, with the payment of

3. Section 952(c) of the Act, 71 P.S. § 741.952(c) was added by Section 21 of the Act of June 26, 1989, P.L. 47, and became effective on that date.

so much of the salary of wages lost, including employe benefits, as the commission may in its discretion award. 71 P.S. § 741.952(c).

The majority of the Commonwealth Court acknowledged that Section 952(c) has for all intents and purposes invalidated *Omelchenko*. However, the majority decided that its review of Appellant's case was not affected by Section 952(c) because this section "connotes a substantive change . . ., rather than merely a procedural change, in that it gives the Commission the power to grant a remedy previously unavailable, and because [Appellant's] removal occurred prior to the effective date" of the amendment. *Galant*, 144 Pa.Commw. at 89, n. 7, 600 A.2d at 703, n. 7.

■ We find that Section 952(c) is merely a procedural change which not only applies to litigation commenced after its passage, but also to litigation existing at the time of passage. The general rule in determining whether a statute will be applied retroactively is as follows: "Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But, where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage. . . ." *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board*, 9 Pa.Commw. 176, 183, 305 A.2d 757, 761 (1973), *quoting Kuca v. Lehigh Valley Coal Co.*, 268 Pa. 163, 166, 110 A. 731, 732 (1920). See *Misitis v. Steel City Piping Company*, 441 Pa. 339, 272 A.2d 883 (1971); *Smith v. Fenner*, 399 Pa. 633, 161 A.2d 150 (1960).

Section 952(c) merely changes the Commission's scope of review, which is a procedural matter and gives the Commission the power to modify the appointing authority's action regardless of whether the charges of the authority are proven. *Galant*, 144 Pa.Commw. at 92, 600 A.2d at 704–5 (Kelley, J., dissenting).

Section 952(c) does not change an employee's substantive rights under the Act. An employee still may be terminated only for just cause. The only change made by Section

952(c) is as to what body can make the determination that an employee's conduct constitutes just cause, the appointing authority or the Commission.

*Id.,* 144 Pa.Commw. at 92, 600 A.2d at 705.

█ The Commonwealth Court's decision in *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board,* 9 Pa.Commw. 176, 305 A.2d 757 (1973) is similar to the present case. In *Universal Cyclops,* the Commonwealth Court held that an amendment to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031, which shifted the role of fact-finder from the Workmen's Compensation Appeal Board to the referees was a procedural matter and applied to cases which were pending at the time because the amendment altered the board's scope of review. *Universal Cyclops,* 9 Pa.Commw. at 183, 305 A.2d at 761–2. Therefore, we find that the Commonwealth Court committed an error of law when it failed to apply Section 952(c) of the Civil Service Act to the present case. We also find that under Section 952(c), the Commission acted within its authority when it modified the disciplinary action of the DER by reinstating Appellant and providing backpay.[4]

Accordingly, we reverse the decision of the Commonwealth Court and reinstate the order of the State Civil Service Commission.

NIX, C.J., concurs in the result.

CAPPY, J., dissents.

4. A thorough review of the record reveals that the Commission's decision to impose a lesser penalty was supported by the evidence.