PENNSYLVANIA DEPARTMENT OF
LABOR AND INDUSTRY,
Petitioner,

v.

CIVIL SERVICE COMMISSION
(DAVIS), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 14, 1997.

Decided April 9, 1997.

Reconsideration Denied May 30, 1997.

Robert C. Scharnberger, Assistant Counsel, Harrisburg, for petitioner.

Craig M. Kellerman, Norristown, for respondent.

Before PELLEGRINI and LEADBETTER, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Pennsylvania Department of Labor and Industry (Department) petitions for review of an order of the Civil Service Commission (Commission) that sustained the appeal of Craig L. Davis (Davis) challenging his dismissal as a regular Civil Service Unemployment Claims Interviewer (UC Interviewer).[1]

The facts are not in dispute and are summarized as follows. Davis began working for the Department on March 28, 1991 as a UC Interviewer in the Coatesville Job Center (job center). Davis was subsequently promoted, on a probationary basis, to the position of UC Examiner. On December 7, 1994, which was during his probationary period, Davis tore-up and disposed of an official Department document entitled "EMPLOYER'S NOTICE OF APPLICATION Request for Separation and Wage Information" (UC–45/45A/785). *See* (Commission's Finding of Fact No. 5).[2] By letter dated January 3, 1995, Davis was suspended without pay from his position as a UC Examiner pending investigation of "the allegation that you destroyed paperwork which is critical to the operations of this Department." (R.R. p. 90–A).

By letter dated February 8, 1995, the Department informed Davis that its investigation was complete and, as a result thereof, he was "rejected on probation" from his position as a UC Examiner and simultaneously dismissed from his position as a UC Interviewer

---

1. The Commission's order also dismissed the appeal of Davis that challenged his removal from probationary employment as a Civil Service Unemployment Claims Examiner (UC Examiner); this portion of the Commission's order was not appealed by Davis.

2. A UC–45/45A/785 form addresses the reason for separation or partial employment. The UC–45/45A/785 herein had been completed by the

employer, Summers & Zims, and was returned to the Department on December 7, 1994. Therein, the employer indicated that it had discharged Thomas C. Ford Jr. (Ford) for the following reasons "failed GC/MS drug test, failure to complete paper work & failure to comply with company procedures." (Original Record, Hearing Transcript, Exhibit AA–2).

effective the close of business February 10, 1995. (R.R. p. 96–A). The reason for the Department's action was that Davis "purposely attempted to dispose of information provided by employers which would have made claimants ineligible for unemployment compensation benefits. Your actions included throwing information in your waste basket and removing same from your work location." (R.R. p. 96–A).

Davis filed appeals with the Commission challenging both his removal from the probationary position of UC Examiner and his dismissal from the regular position of UC Interviewer. (R.R. pp. 91–A—95–A and 98–A—102–A). The Commission conducted a single hearing on both of Davis' appeals (R.R. 144–A). Testifying on behalf of the Department were several of Davis' supervisors[3]; Davis, testifying on his own behalf, admitted that he had "ripped up" the UC–45/45A/785 in question but claimed he did so accidentally having mistakenly confused it with a similar form, from a different case, which he intended to destroy. (R.R. 77–A—79–A, 84–A).

The Commission noted that, in an appeal challenging removal from regular status classified service employment, the burden lies with the appointing authority to establish just cause for the personnel action, *citing Rosselli v. Reading Housing Authority*, 116 Pa.Cmwlth. 177, 541 A.2d 417 (1988). The Commission further noted that the appointing authority has the burden to prove the substance of the charges asserted for the removal action, *citing Long v. Pennsylvania Liquor Control Board*, 112 Pa.Cmwlth. 572, 535 A.2d 1233 (1988). The Commission found Davis to be credible and concluded that while it is uncontested that Davis inappropriately destroyed the UC–45/45A/785 in question, he did not do so intentionally. The Commission, in effect, determined that the Department failed to prove the substance of the charges asserted as bases for the removal, i.e, that Davis "*purposely* attempted to dispose of information provided by employers which would have made claimants ineligible for unemployment compensation benefits." (Emphasis added) (R.R. p. 96–A). The Commission, therefore, concluded that the Department failed to present evidence establishing just cause for removal of Davis from his employment as a UC Interviewer.

■ We first determine whether the Commission correctly concluded that the Department failed to prove the substance of the charges asserted as bases for Davis' removal from his regular status classified service employment as a UC Interviewer. The Commission did not err in finding Davis credible; however, the Commission misconstrues his testimony. The Commission's decision is based upon its findings that Davis credibly testified "that he did not intentionally destroy the document" and more importantly that "*there was no intent to destroy critical paperwork.*" (Emphasis added) (Commission's Opinion p. 7). Davis never testified that he did not intend to tear up a UC–45/45A/785 form, instead he merely testified that he "ripped up the wrong UC 45 by mistake." (R.R. 79–A).[4] At best, said testi-

---

3. Those testifying included Alex Lewandowski (Lewandowski), Employment Security Program Manager; Margaret Rose DiBona (DiBona), Employment Security Program Supervisor; Douglas M. Schmidt (Schmidt), Employment Security Program Manager 2; and Stephen A. Crosley (Crosley), Personnel Analyst.

4. Davis did testified on direct examination as follows:

Q Let me cut right to the chase. Did you purposely destroy any documents?
A No.

(R.R. p. 80–A). Said response, however, is inconsistent with the remainder of Davis' testimony. On cross-examination, Davis testified as follows:

Q On the Ford matter, you testified that you threw that UC 45 out by mistake, right?
A Yes.
Q Thought it was a different claim?
A Yes.
Q It was a yellow UC 45, wasn't it?
A Yes.
Q Even if it had been on another claim, why would you have thrown it out?
A Because I had an incident where I had one person who felt as though he wasn't going to claim benefits. So what I did was I accidentally—I might have kept the one that wasn't going to claim benefits and accidentally threw his one (sic) out by mistake because there was (sic) two people working for the same employer, same type of incident, but they were two different names.

(R.R. pp. 84–A—85A). Furthermore, at the Department's request, Davis completed a written

mony merely supports a finding that Davis did not intend to destroy the particular UC–45/45A/785 form which he actually "ripped up". Davis, by testifying that the document which he thought he was destroying was substantially similar to the UC–45/45A/785 which he actually "ripped up," admitted that he intended to destroy critical paperwork.[5] Thus, the fact that Davis thought the document which he intended to destroy was from another file is irrelevant and his actions are inexcusable. The Commission, therefore, erroneously determined that the Department had failed to prove the substance of the charges asserted as the bases for the removal action since there is substantial evidence that Davis had "purposely attempted to dispose of information provided by employers which would have made claimants ineligible for unemployment compensation benefits," (R.R. 96–A).

■ We next determine whether Davis' actions, as charged, meet the "just cause" standard for removal from the classified service.[6] Section 807 of the Civil Service Act

(Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.807, provides that "[n]o regular employe in the classified service shall be removed except for just cause." While the term "just cause" is not defined in the Act, our Supreme Court has determined that "just cause" must be merit-related and the criteria must touch upon competency and ability in some rational and logical manner. *Galant v. Department of Environmental Resources,* 534 Pa. 17, 19 n. 2, 626 A.2d 496, 498 n. 2 (1993), *citing Corder v. State Civil Service Commission,* 2 Pa.Cmwlth. 462, 279 A.2d 368, 371 (1971); *see also Morrison v. Department of Corrections,* 659 A.2d 620 (Pa. Cmwlth.1995) (for additional requirement that factors supporting removal must be job-related).[7]

Even though the actions which gave rise to his dismissal were related to his duties as a UC Examiner, said actions also rationally and logically touch upon Davis' competency and ability to perform his duties as a UC Interviewer where he is responsible for col-

---

statement in which he offered the following explanation for his actions:

> I threw away a 45 from Employer Summer (sic) & Zims for Thomas C. Ford Jr. I thought I had a duplicate sent from the Employer but it was for another claim & not this one.

(Original Record, Hearing Transcript, Exhibit AA–6).

5. While the UC–45/45A/785 form from the other case was never admitted into evidence, Davis testified that both forms allegedly concerned "the same incidents regarding two different people that worked for the same employer." (R.R. p. 79–A). There is no dispute that the UC–45/45A/785 which was actually "ripped up" was in fact critical paperwork and should not have been destroyed since it contained information provided by the employer which would have made the claimant ineligible for unemployment compensation benefits. Davis testified on cross-examination as follows:

> Q If you receive information from an employer, it should go into the file right?
> A If I receive it, yes.
> Q *Anything that would maybe raise an issue, any official document should go in the file, whether you are going to deal with it or not.* If you know something, you should put it in the file, right?
> A If I receive it, yes.
> Q If you receive it.
> A Yes.

(Emphasis added) (R.R. 85–A—86–A). Davis had previously testified on direct examination that,

upon its return from the employer, the UC–45/45A/785 in question was "posted with an I, meaning there was an ineligible issue raised upon the claim." (R.R. p. 79–A). The Department presented the testimony of DiBona, who testified as follows:

> Q Are there any circumstance that you are familiar with based on your experience where it is appropriate for documents such as that to be in the trash?
> A No.

(R.R. p. 35–A). DiBona had previously testified that the UC45/45A/785 in question appears, on its face, to raise an issue as to the eligibility of the particular claimant for unemployment benefits. (R.R. p. 34–A).

6. Whether actions of a civil service employee constitute just cause for removal is a question of law reviewable by this Court. *Department of Corrections v. Roche,* 654 A.2d 64 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 541 Pa. 644, 663 A.2d 695 (1995).

7. As previously noted, the Commission, in concluding that the Department failed to meet its burden to show just cause for Davis' removal from his regular status employment as an UC Interviewer, merely determined that the Department failed to prove the substance of the underlying charges. (Commission's Opinion pp. 7–8). Thus, the Commission did not engage in a "just cause" analysis as mandated by *Galant.*

lecting information and generating documents which are subsequently used to make eligibility determinations. As such, Davis is in a position where he could compromise the integrity of the paper trail which becomes the claimant's file. Any employee of the Department, irrespective of his position, who disposes of information provided by employers which may render claimants ineligible for benefits, destroys the integrity of the case file. Such conduct is "just cause" for the removal of the employee; thus, Davis' dismissal from the position of UC Interviewer was proper.

Accordingly, the portion of the Commission's order sustaining Davis' appeal will be vacated and the order of the Department dismissing Davis from employment as a UC Interviewer will be reinstated.

### ORDER

AND NOW, this 9th day of April, 1997, the order of the Civil Service Commission, dated September 25, 1996, which returned Craig L. Davis to duty of regular employment as an Unemployment Claims Interviewer, with reimbursement of wages and emoluments, and required notice of compliance thereof, is vacated and the February 8, 1995 order of the Department of Labor and Industry, which dismissed Craig L. Davis as a regular Civil Service Unemployment Claims Interviewer, is reinstated.