Richard R. THOMPSON, Petitioner,

v.

STATE CIVIL SERVICE COMMISSION (Beaver County Area Agency on Aging and The County of Beaver), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 5, 2004.

Decided Dec. 15, 2004.

---

Richard R. Thompson, petitioner, pro se.

Carl H. Hellerstedt, Jr., Pittsburgh, for respondent.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, JIULIANTE, Senior Judge.

OPINION BY President Judge COLINS.

Richard Thompson petitions pro se for review of the order of the State Civil Service Commission that sustained his removal from employment as a program manager/aging care manager 2 with Beaver County Area Agency on Aging (Agency), effective November 25, 2003, for excessive and inappropriate use of the county computer system in violation of written policy.

Thompson worked for the Agency for approximately 12 years, and his job entailed oversight of subcontracted services to the elderly. Such oversight included writing and developing proposals and contracts, contract compliance and monitoring, and technical assistance. By letter dated November 25, 2003, Thompson was notified that he was being removed from his employment for excessive and inappropriate use of the county computer system. Thompson filed an appeal in which he averred that the Agency failed to meets its just cause burden for removal and that the Agency acted against him in retaliation for his union activities.

At a hearing on Thompson's appeal, the Agency presented the testimony of Linda Hall, Thompson's direct supervisor; assistant administrator Ted Nadeau, who is responsible for the Agency's data processing and telecommunication operations; and administrator Brandon James, who was in charge of the Agency's operations. The Agency offered into evidence a copy of its computer policies, a report detailing Thompson's internet usage from August 2002 through January 8, 2003, Thompson's calendar for that time period, and graphs depicting the percentage of Thompson's workday spent online for that time period. Thompson presented his case through cross-examination and his own testimony in which he attempted to justify his use of the computer system; he also alleged that the Agency discriminated against him because of his union activities.

Based on the evidence produced, the Commission concluded that the Agency demonstrated just cause for removing Thompson from his employment and that Thompson failed to present evidence of discrimination. The Commission credited the Agency's evidence that during the period from August 2002 through January 2003, Thompson devoted roughly 20 percent of each work day and almost 30 percent of his total work time online, that Thompson's job duties did not require that he visit websites other than government sites, and that even though the Agency's computer use policies permitted employees to access the internet for personal use during the lunch period and after hours, at no time did the computer use policies permit an employee to visit websites depicting nudity, even on the employee's personal time. The Commission credited the Agency's evidence that Thompson viewed sites depicting nudity for roughly 15 minutes per day. Also credited was the Agency's evidence that in May or June 2001, all employees were cautioned against inappropriate use of computers, e-mail, and the internet and that Thompson was confronted in late 2002 about personal use of the Agency's computers during work hours. On the issue of whether the Agency discriminated against Thompson for his union affiliation, the Commission credited the Agency's evidence that Thompson's supervisors were unaware of his union affiliation and activities.

On appeal, Thompson raises a host of issues, most of which he admits he did not raise before the Commission.[1] Of

---

1. Issues not raised before the agency are waived and may not be raised on appeal. 2

those issues raised before the Commission and addressed in its decision, Thompson argues 1) that exorbitant and inappropriate use of the Internet are not specifically referenced in the Agency's computer use policy and therefore cannot constitute just cause for his removal, and 2) that he is entitled to a presumption that union activities were at least partially the cause for his removal.

Our review of a decision of the State Civil Service Commission is limited to determining whether findings of fact are supported by competent evidence, whether errors of law have been committed, and whether constitutional rights have been violated. *Ellerbee–Pryer v. State Civil Service Commission*, 803 A.2d 249 (Pa. Cmwlth.2002). Questions of credibility and the weight to be accorded evidence are determined by the State Civil Service Commission, and this Court will not reweigh the evidence or substitute its judgment even though it might have reached a different factual conclusion. *Balas v. Department of Public Welfare*, 151 Pa. Cmwlth. 53, 616 A.2d 143 (1992), *petition for allowance of appeal denied*, 535 Pa. 639, 631 A.2d 1010 (1993).

A civil service employee may be removed from employment only for just cause. Section 807 of the Civil Service Act (Act),[2] 71 P.S. § 741.807. The appointing authority bears the burden of proving just cause for removal. *Western Center, Department of Public Welfare v. Hoon*, 143 Pa.Cmwlth. 212, 598 A.2d 1042 (1991). Just cause for removal must be merit related. *Department of Environmental Resources v. Galant*, 144 Pa.Cmwlth. 85, 600 A.2d 701 (1991), *reversed on other grounds*, 534 Pa. 17, 626 A.2d 496 (1993). Merit-related criteria include whether the employee failed to properly execute his duties or has acted in such a way that hampers or frustrates the execution of his duties. *Id.* The criteria must in a rational and logical way touch upon the employee's competency and ability. *Id.*

The report documenting Thompson's internet use during the period from August 2002 through January 2003 is uncontroverted evidence of the exact time and duration of Thompson's visits to each website and the total time spent online. The Commission credited the employer's evidence that none of the nongovernmental sites was related to Thompson's work and that some of the sites contained nudity. Thompson admitted to spending 10 to 15 minutes each day viewing sites that displayed nudity. Uncontroverted evidence establishes that Thompson was aware of the Agency's computer use policies prohibiting personal use of the internet during work hours and electronic communications displaying offensive or explicit language or images, and the policy states that all electronic information stored in the Agency's computers is the Agency's property and subject to inspection at any time without notice. The credited evidence supports the Commission's finding that Thompson spent an excessive amount of time online visiting websites that were not related to his work and its conclusion that the cumulative effect of Thompson's time spent online and his daily visits to websites displaying nudity, combined with evidence that he deleted his internet history combined to provide just cause for his removal.

Pa.C.S. § 703(a). These waived issues include 1) the Agency enforced a computer use policy that violates his First and Fourteenth Amendment rights; 2) due process violations; and 3) violation of a vague work rule establishes good cause for a suspension but not just cause for removal.

2. Act of August 5, 1941, P.L. 752, *as amended*.

Section 905.1 of the Act,[3] 71 P.S. § 741.905a, prohibits discrimination in any personnel action with respect to the classified service because of labor union affiliation. The employee claiming discrimination in a personnel action has the burden of presenting evidence to support such a charge. *State Correctional Institution at Pittsburgh, Department of Corrections v. Weaver*, 146 Pa.Cmwlth. 381, 606 A.2d 547, *petition for allowance of appeal denied*, 531 Pa. 648, 612 A.2d 986 (1992). Once the employee presents a prima facie case indicating that more likely than not discrimination has occurred, the burden shifts to the employer to demonstrate a nondiscriminatory reason for its action. *Id.*

In the present case, the Commission credited the testimony of Thompson's direct supervisor and the Agency's administrator Brandon James that they were unaware of his labor union affiliation and activities. Thompson testified that he contacted a labor union and met with labor organizers two or three times in December 2002 and surreptitiously distributed flyers. Thompson admitted that he merely speculated that Mr. James learned of his union organizing activities and that his disciplinary problems could be explained by anti-union animus. Based on the evidence, the Commission properly concluded that Thompson did not meet his burden of establishing discrimination.

The Court must observe that based on the nature and lack of severity of Thompson's infraction, the discipline he received, termination of employment, seems disproportionately harsh. While the Commission has the power to modify the action of the appointing authority even where the charges brought against the employee are proven, *Bosnjak v. State Civil Service Commission*, 781 A.2d 1280 (Pa.Cmwlth. 2001), this Court will not separately weigh evidence or substitute its judgment for that of the Commission even though we may have reached different factual conclusions, *Balas.*

Because the credited evidence supports the Commission's findings and conclusions, the order of the Commission is affirmed.

### ORDER

AND NOW, this 15th day of December 2004, the order of the State Civil Service Commission in the above-captioned matter is affirmed.

3. Added by Section 25 of the Act of August 27, 1963, P.L. 1257.