Lois A. Adams, Administratrix of the Estate of Terrance L. Adams, Deceased et al., Appellants *v.* City of Harrisburg and Harrisburg Police Department, Appellees.

388

Argued January 31, 1983, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Joseph M. Melillo, Benjamin & Angino, P.C.*, for appellants.

*Timothy I. Mark, Goldberg, Evans & Katzman, P.C.*, with him *Roger T. Shoop, Thomas and Thomas*, for appellees.

OPINION BY JUDGE WILLIAMS, JR., November 17, 1983:

The appellants herein seek to reverse an order of the Court of Common Pleas of Dauphin County dismissing their complaint in trespass against the City of Harrisburg and the Harrisburg Police Department.

The action below was commenced by Lois A. Adams, as Administratrix of the Estate of Terrance L. Adams, deceased; and by Lois A. Adams and Julius

B. Adams, individually and as the parents and natural guardians of Bernard Adams, a minor. The plaintiffs' complaint, which was filed on October 31, 1980, alleged as follows: In the evening of May 24, 1979, a Mrs. Peterson, who resided at 1848 North Street in the City of Harrisburg, heard an object strike her front door. In the morning or afternoon of the next day, May 25th, some unidentified person discovered that the object was a hand-grenade, and carried it to the other side of the street, where the plaintiffs resided with their children. About 12:30 p.m. that day, the grenade was picked up by Terrance Adams, the four-year old son of the plaintiffs. The grenade exploded, killing Terrance and severely injuring his brother, Bernard.

The plaintiffs' complaint further alleged that Mrs. Peterson's daughter had been shot during the early morning of May 25th; and that Mrs. Peterson, while visiting her daughter in the hospital that same morning, had told Harrisburg police that "something had been thrown up against her door earlier in the evening."

The complaint asserted that, given the shooting of Mrs. Peterson's daughter, the Harrisburg Police Department had been negligent, reckless and wanton in not responding to Mrs. Peterson's report that "something had been thrown up against her door." According to the complaint, the alleged failure of the police, to respond to Mrs. Peterson's report, was the direct and proximate cause of the death of Terrance Adams and the injury to Bernard Adams.

The defendants, City of Harrisburg and the Harrisburg Police Department, filed preliminary objections by which they demurred to the legal sufficiency of the complaint. They asserted that the plaintiffs had failed to set forth a cause of action for which relief could be granted under the Political Subdivision Tort

390

Claims Act.[1] The trial court sustained the demurrer, but gave the plaintiffs leave to amend their complaint.

The plaintiffs filed an amended complaint. But the only allegations added thereby were: (1) that it was about 11:30 p.m. on May 24, 1979 when Mrs. Peterson, after hearing a car drive up to her house, heard an object strike her door; (2) that the object struck "with a metallic thud"; (3) that Mrs. Peterson, while at the hospital visiting her daughter, told the police that the person who shot her daughter had also threatened to burn down Mrs. Peterson's home; and (4) that Mrs. Peterson, while at the hospital, expressed to the police her belief and concern that her daughter's assailant was the same person who had thrown the object against the door.

The defendants again filed preliminary objections asserting that the plaintiffs had failed to state a cause of action. On January 18, 1982, the trial court entered an order which sustained the demurrer and dismissed the complaint. From that order the instant appeal followed.

The facts underlying this case present a horrible and saddening tragedy. We are constrained to hold, however, that the law compels the result reached by the court below. Consequently, we must affirm the order from which this appeal was taken; and we do so for the reasons set forth in the able opinion from below by Judge WARREN G. MORGAN, reported at        Pa. D. & C.3d      (   ).

ORDER

AND Now, the 17th day of November, 1983, the order of the Court of Common Pleas of Dauphin County dated January 18, 1982, at No. 6041 S 1980, sustain-

[1] Act of November 26, 1978, P.L. 1399, *formerly* 53 P.S. §§5311.101 *et seq.*, repealed by Act of October 5, 1980, P.L. 693. A similar act is now found in 42 Pa. C. S. §§8541-8564.

ing the defendants' preliminary objections and dismissing the plaintiffs' complaint, is hereby affirmed.

Judge ROGERS dissents.