505 A.2d 271

**Salvatore GRAFFIGNA, Appellant,**

v.

**CITY OF PHILADELPHIA and Southeastern Pennsylvania Transportation Authority.**

Superior Court of Pennsylvania.

Argued May 22, 1985.

Filed Feb. 7, 1986.

Evan E. Laine, Philadelphia, for appellant.

Stephen Dittman, Philadelphia, for appellee.

Before DEL SOLE, MONTEMURO and BECK, JJ.

DEL SOLE, Judge:

On December 8, 1978 the Appellant, Salvatore Graffigna, was held up and shot by an unidentified assailant in the SEPTA subway station at Broad and Race Streets in Philadelphia. Approximately two years later he filed suit against both the City of Philadelphia [1] and SEPTA alleging negligence because of inadequate security provisions in the subway concourse. SEPTA filed a motion for judgment on the pleadings, arguing that the Appellant had failed to comply with the six month notice requirement of 42 Pa.C. S.A. § 5522. The statute provides:

§ 5522. **Six months limitation**

(a) Notice prerequisite to action against government unit.

(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit and if the action is against a Commonwealth agency for damages, then also file in the office of the Attorney General, a statement in writing, signed by or in his behalf, setting forth:

1. The City of Philadelphia is not a party to this appeal.

(i) The name and residence address of the person to whom the cause of action has accrued.

(ii) The name and residence address of the person injured.

(iii) The date and hour of the accident.

(iv) The approximate location where the accident occurred.

(v) The name and residence or office address of any attending physician.

42 Pa.C.S.A. § 5522.

The trial court granted SEPTA's motion for judgment on the pleadings, finding that SEPTA was a government unit for purposes of the statute and that the Appellant had not provided the required six months notice. Mr. Graffigna then filed this appeal.

Appellant argues that the trial court erred in granting judgment on the pleadings, first, because SEPTA is not a government unit, and alternatively, because even if SEPTA is a government unit, that the full police investigation of the incident fulfills the notice requirement. Because the first issue raised by the Appellant, that is, whether SEPTA is a government unit for purposes of the statute, is an issue which involves the application, interpretation and enforcement of a statute regulating the affairs of political subdivisions, municipalities and other local authorities, 42 Pa.C. S.A. § 762(a)(4)(i)(A), we transfer jurisdiction over the appeal to Commonwealth Court.

The applicable section of the Judicial Code which establishes the jurisdiction of Commonwealth Court provides:

§ 762.  Appeals from the courts of common pleas

(a) General rule.—Except as provided in subsection (b), the Commonwealth Court shall have *exclusive jurisdiction* of appeals from final orders of the courts of common pleas in the following cases:

.        .        .        .        .        .

(4) Local government civil and criminal matters.—

(i) All actions or proceedings ... where is drawn in question the application, interpretation or enforcement of any:

(A) statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof ...

42 Pa.C.S.A. § 762(a)(4)(i)(A). (Emphasis supplied).

The instant appeal raises an issue involving the interpretation and application of a statute which regulates the affairs of government agencies, municipalities and other authorities. The statute in question, 42 Pa.C.S.A. § 5522, provides a six months notice requirement when a government unit is the defendant in an action and the reviewing court in this case must decide a question which seems to be one of first impression: whether SEPTA is a government unit for purposes of the statute. We find that this case properly belongs before the Commonwealth Court because that court has been given jurisdiction when such an issue has been drawn into question on appeal from a final order from a court of common pleas.

We note at this point that § 762 of the Commonwealth Court jurisdictional statute has permitted the interpretation of certain statutes dealing with local government units and agencies, for example, the Public Employe's Relations Act[2] and the Political Subdivision Tort Claims Act[3] to come

---

**2.** 43 P.S. § 1101.201 *et seq.* Cases involving PERA issues usually come under the jurisdiction of Commonwealth Court, as in *Fouts v. Allegheny County*, 64 Pa.Cmwlth. 441, 440 A.2d 698 (1982). *But see* a Superior Court opinion, *Cohen v. Temple University*, 299 Pa.Super. 124, 445 A.2d 179, (1982).

**3.** Now covered by Sections 8541–64 of the Judicial Code, 42 Pa.C.S.A. §§ 8541–64. Both our Court and the Commonwealth Court have contributed to the rapidly evolving body of law interpreting this Act. *See Adams v. City of Harrisburg*, 78 Pa.Cmwlth. 387, 467 A.2d 657 (1983); *Williams By and Through Williams v. Lewis*, 319 Pa.Super. 552, 466 A.2d 682 (1983); *Lewis by Keller v. Hatboro-Horsham School District*, 320 Pa.Super. 59, 465 A.2d 1090 (1983); *Vann v. Board of Education of the School District of Philadelphia*, 76 Pa.Cmwlth. 604, 464 A.2d 684 (1983).

before our Court or Commonwealth Court. Indeed, some overlapping of appellate jurisdiction was foreseen by the Legislature and thus 42 Pa.C.S.A. § 704 provides that the failure of an appellee to object to the jurisdiction of an appellate court operates to perfect jurisdiction of that appellate court notwithstanding any other provisions of the title —including, obviously, the portion of § 762 cited earlier in this opinion. Sections 704 and 705 also provide that the appellate court can transfer an appeal on its own motion, as we are doing here. The factors to be weighed in reaching a decision to transfer are (1) whether the case has already been transferred; (2) the possibility of establishing two conflicting lines of authority on one subject[4]; and (3) whether the "legislatively ordained division of labor" would be disrupted. *Karpe v. Borough of Stroudsburg*, 315 Pa.Super. 185, 187, 461 A.2d 859 (1983); *Valley Forge Industries, Inc. v. Armand Construction, Inc.*, 248 Pa.Super. 53, 374 A.2d 1312, 1316 (1977).

Although this case has not been previously transferred, it would be unrealistic to ignore the fact that by exercising our discretion to transfer, we are delaying the disposition of the case. We believe however that the inconvenience caused to the parties by this delay is outweighed by the benefit brought about by providing a consistent body of law in an area which we believe the Legislature clearly intended would be the province of our sister court. Therefore, for the sake of uniformity of decision and to maintain the "legislatively ordained division of labor", we transfer this case to Commonwealth Court.

This appeal is transferred to Commonwealth Court.

4. Recently, a panel of our Court filed an opinion which held that 42 Pa.C.S.A. § 8542 precluded municipal liability for injuries caused by the criminal acts of third persons on property under the municipality's ownership and control. *Casey v. Geiger and the Borough of Camp Hill*, 346 Pa.Super. 279, 499 A.2d 606 (1985) (Hoffman, J. dissenting). One month earlier, the Commonwealth Court filed an opinion which seems to reach the opposite result. *Johnson v. SEPTA*, 91 Pa.Cmwlth. 587, 498 A.2d 22 (1985), (Craig, J. dissenting); (Barry, J. concurring). It is this sort of problem we hope to avoid by transferring this case.