549 A.2d 1004

Boyd C. Wagner, Inc., Appellant *v.* Shamokin Area School District and Shamokin Area School Authority, Appellees.

*Ralph B. Powell, Jr.,* with him, *Richard B. Ashenfelter, Jr., Powell & Liddle,* for appellant.

*Bruce L. Phillips, Venzie, Phillips & Warshawer,* for appellees.

OPINION BY JUDGE BARRY, October 28, 1988:

This case involves an arbitration proceeding between Boyd C. Wagner, Inc. (appellant) and Shamokin Area School District and Shamokin Area School Authority (appellees). The parties entered into a contract in 1975 for appellant to provide architectural and engineering services in connection with the construction of a new school building for appellees. The contract provided for arbitration of disputes but did not specify whether statutory or common law arbitration rules should apply. In 1981 appellee filed a claim with the American Arbitration Association, alleging that appellant had breached the contract, and arbitration proceedings were conducted during 1985 and 1986. Appellee was granted an award in the amount of $520,143.64.

Appellant petitioned the Court of Common Pleas of Dauphin County for review of the award. Appellant requested that the court vacate, modify or correct the award on the grounds that it was contrary to law. He argues that if the award had been a jury verdict the court would have, after a review of the evidence, entered a judgment notwithstanding the verdict. The court dismissed the petition, holding that the narrow scope of review of common law arbitration applied to its review and that it therefore could not use the broader scope of review requested by appellant. Appeal to this court followed.

In its opinion the trial court cites 42 Pa. C. S. §7302(a) for the general rule that an agreement to arbitrate a controversy is presumed to be an agreement to arbitrate pursuant to the provisions of common law arbitration, unless the agreement expressly provides for statutory arbitration. The court next cites §7302(c) which reads:

> (c) **Government contracts.**—This subchapter shall apply to any written contract to which a government unit of this Commonwealth is a party to the same extent as if the government unit were a private person, except that where a contract to which the Commonwealth government is a party provides for arbitration of controversies but does not provide for arbitration pursuant to any specified statutory provision, the arbitration shall be governed by this subchapter.

Because a contract to which a government unit is a party is treated as if the government unit were a private person, any arbitration proceedings in connection with that contract will be conducted according to common law principles unless the contract expressly provides for statutory arbitration. This result is required by §7302(a). An exception occurs if the "Commonwealth government" is a party to a contract. In such an instance arbitration must be conducted as statutory arbitration.

The common pleas court recognized the need to decide whether the school district and authority are "government units" or the "Commonwealth government". To do this the court examined the definitions of these terms, plus the definition of "government agency", contained in the definitional section of the Judicial Code. These definitions follow:

> 'Commonwealth government.' The government of the Commonwealth, including the courts and

other officers or agencies of the unified judicial system, the General Assembly and its officers and agencies, the Governor, and the departments, boards, commissions, authorities and officers and agencies of the Commonwealth, but the term does not include any political subdivision, municipal or other local authority, or any officer or agency of any such political subdivision or local authority.

. . . .

'Government agency.' Any Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority.

'Government unit.' The General Assembly and its officers and agencies, any government agency or any court or other officer or agency of the unified judicial system.

The court ruled that the school district and authority are government units, since the definition of Commonwealth government clearly excludes political subdivisions and local authorities. Since the contract in question doesn't provide for statutory arbitration, the court then looked to the common law scope of review for arbitration awards which has been codified in 42 Pa. C. S. §7341. This section provides that an arbitration award which is not subject to statutory arbitration "may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." Appellant had not alleged, and still does not allege, any of the irregularities set out in this section, and the court therefore concluded that the award must stand.

Before we review the common pleas court's reasoning, we must address the question of whether this court

has jurisdiction over this appeal. The parties in this case were ordered by this Court to brief this issue. They both cite, as support for our jurisdiction, 42 Pa. C. S. §762, which reads in pertinent part:

(a) **General rule.**—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

. . . .

(4) Local government civil and criminal matters.

(i) All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any:

(A) statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity;

Both parties state in their briefs that this court has jurisdiction because the appeal draws in question the application or interpretation of a statute regulating the affairs of a local authority. The statute in question is the arbitration statute contained in the Judicial Code. While the arbitration statute's primary purpose is not to regulate the affairs of local authorities, it does establish the arbitration procedures affecting local authorities.

In a very recent decision, *Derry Township Municipal Authority v. Solomon and Davis, Inc.*, 372 Pa. Superior Ct. 213, 539 A.2d 405 (1988), where the interpretation of the same statutory section was at issue, the Su-

perior Court stated that it had jurisdiction because the arbitration statute is not a statute regulating the affairs of a local authority. The court went on to note that even if it did not have jurisdiction, it was permitted to hear the case pursuant to Pa. R.A.P. 741(a) sinces the parties had not objected to the court's jurisdiction. In an earlier decision which *Derry Township* does not purport to overrule, *Graffigna v. City of Philadelphia*, 351 Pa. Superior Ct. 74, 505 A.2d 271 (1986), the Superior Court resolved a similar issue differently when it transferred a matter to this Court when it concluded that jurisdiction was properly with this Court. The issue in *Graffigna* was, again, whether a municipal authority was a government unit for the purposes of a section of the Judicial Code. The section concerned a statute of limitations which applied to government units, and since suit had been brought against a municipal authority it was necessary to determine whether a municipal authority is a government unit. Because it was necessary to make this determination, the court felt that at stake was the interpretation of a statute regulating the affairs of a municipal authority. We can see no distinction between the issue in *Graffigna* and the issue in *Derry Township*. After the Superior Court transferred the matter in *Graffigna*, this court accepted jurisdiction of the case, reiterating the reasoning of the Superior Court, and decided the case on the merits. *Graffigna v. City of Philadelphia*, 98 Pa. Commonwealth Ct. 624, 512 A.2d 91 (1986). Since we have precedent in our Court accepting jurisdiction in this situation, we will follow such precedent and hold that we have jurisdiction over the present matter. We note that we, too, may exercise jurisdiction pursuant to Pa. R.A.P. 741(a) even if jurisdiction is properly in the Superior Court since the parties did not object to this Court's jurisdiction.

We now turn to the merits of the case. Appellant argues that the school district and authority are the

"Commonwealth government" for purposes of the arbitration statute and that the broader scope of review of 42 Pa. C. S. §7302(d)(2) therefore applies. Appellant admits that the district and authority do not fall under the definition of "Commonwealth government" given in the definitional section of the Judicial Code, but points to the preamble of that section, 42 Pa. C. S. §102, which states that the definitions therein apply unless the context of the terms clearly indicates otherwise. Appellant fails, however, to explain how the context of §7302 requires different interpretations of "government unit" and "Commonwealth government". We agree with the common pleas court's conclusion that the school district and authority are government units and that the common law scope of review therefore applies.

Appellant cites *Pennsylvania Labor Relations Board v. Bald Eagle Area School District*, 499 Pa. 62, 451 A.2d 671 (1982), in which the Supreme Court stated that "the judiciary has express statutory authority to review and correct or modify arbitration awards against the Commonwealth or its political subdivisions in the same manner as jury verdicts on a motion for judgment N.O.V." The Court then cites §7302(d)(2) of the Judicial Code. Section 7302(d) reads as follows:

(d)  **Special application.**—(1) Paragraph (2) shall be applicable where:

(i)  The Commonwealth government submits a controversy to arbitration.

(ii)  A political subdivision submits a controversy with an employee or a representative of employees to arbitration.

(iii)  Any person has been required by law to submit or to agree to submit a controversy to arbitration pursuant to this subchapter.

(2)  Where this paragraph is applicable a court in reviewing an arbitration award pursuant to

this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

*Bald Eagle* involved the refusal of a school district to arbitrate a dispute with a teachers' union. This situation would come under §7302(d)(1)(ii) since it involves a political subdivision submitting a controversy with a representative of employees to arbitration. The Supreme Court's statement in *Bald Eagle* is correct for the facts of that case and for a political subdivision which has satisfied the condition of §7302(d)(1)(ii). We do not believe the Court intended to imply that any arbitration award involving a political subdivision is subject to the scope of review of §7302(d)(2) regardless of whether the conditions of §7302(d)(1) have been satisfied, when the statute requires that one of those conditions must be satisfied.

Appellant's next argument is based on the fact that the contract in question was entered into before the new arbitration statute was enacted in 1980. Appellant argues that even if the common law scope of review applies to disputes between private entities and local authorities, the statute cannot be applied retroactively to affect substantive rights under contracts executed prior to the effective date of the new statute. We reject this argument. Section 501(b) of the Judicial Code specifically made this section applicable to contracts entered into prior to the effective date of the new statute. Even if it had not, appellant's argument is, nonetheless, incorrect. The statute in question does not affect substantive rights under the contract but merely affects a procedural matter during any arbitration which should

occur in the event of a breach. Scope of review is a procedural matter, and where legislation concerns procedural matters it is not only applied to litigation begun after its passage, but also to litigation existing at the time of passage. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

For the foregoing reasons, we affirm the order of the court of common pleas dismissing appellant's petition to modify or amend the arbitration award.

### ORDER

Now, October 28, 1988, the order of the Court of Common Pleas of Dauphin County, dated April 23, 1987, at Docket No. 3468 S 1986, is affirmed.

Judge MACPHAIL did not participate in the decision in this case.