588 A.2d 1020

NORTHAMPTON AREA SCHOOL DISTRICT, Appellant,

v.

Franklin E. SKEPTON, t/a Franklin E. Skepton
General Contractor, Appellee.

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 1990.

Decided March 27, 1991.

John E. Freund, III, King, McCardle, Herman & Freund, Allentown, for appellant.

Joseph F. Leeson, Jr., Lesson, Leeson & Leeson, Bethlehem, for appellee.

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

The Northampton Area School District (District) appeals an order of the Court of Common Pleas of Northampton County denying the District's petition for a permanent injunction to enjoin Franklin E. Skepton (Contractor) from proceeding with arbitration against it. We vacate and remand.

On January 13, 1987, the District and the Contractor entered into an agreement for alterations and the construction of additions to the Northampton Area High School. The amount of the agreement was $3,709,600 and construction was to be substantially completed no later than August 15, 1988. The agreement contained a clause mandating the arbitration of disputes between the parties which arose out of, or were related to the contract. On January 20, 1989, the Contractor filed a demand for arbitration against the District with the American Arbitration Association. The Contractor sought liquidated damages totalling $56,822 for the District's alleged failure to pay in full for all contract

work, failure to pay for additional work performed, failure to make timely payments for labor and material, and wrongful withholding of contract proceeds and retainage.

Thereafter, on February 21, 1989, the District filed a complaint in equity against the Contractor seeking to enjoin permanently the arbitration proceedings.[1] The District argued that it was entitled to an injunction because the Contractor had applied for and had accepted final payment of the contract price and that the agreement provided that the right to arbitrate claims between the parties was waived after final payment was made. The Contractor in his answer denied the District's allegation that he applied for and accepted final payment. The trial court held a hearing on the issue and filed a decree nisi on December 18, 1989, denying the injunction. The trial court found that the parties' dispute arose out of the contract documents and, therefore, concluded that the threshold issue of whether final payment was made under the terms of the contract was a question properly decided by the arbitrators. Further, the trial court found that the waiver issue itself was a question of law to be decided by the arbitrators in the first instance and found that the District would not suffer irreparable harm if the claim was arbitrated. The District filed exceptions to the decree nisi which were dismissed on April 5, 1990. This appeal followed.

■ The District contends that (1) the trial court erred in finding that the issue of whether the Contractor waived his right to pursue arbitration under the contract is a question properly decided by the arbitrators; and (2) the trial court erred by finding that the District will not suffer irreparable harm if the Contractor is allowed to arbitrate the dispute.[2]

1. The District did obtain a temporary injunction, which the trial court subsequently vacated when it denied the District's request for a permanent injunction.

2. When reviewing a decision of a trial court in an equity proceeding, this Court's scope of review is limited to determining whether the trial judge's findings are supported by substantial evidence, whether an error of law was committed, or whether the trial judge abused his or her discretion. *Northview Motors, Inc. v. Attorney General,* 128

The present case is governed by the arbitration clause found in Section 7.9.1 of the agreement. This Section states that:

All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof, except ... with respect to the Architect's decisions on matters related to artistic effect, and *except for claims which have been waived by the making or acceptance of final payment* ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.... (Emphasis added.)

The agreement further states in Section 9.9.5 that:

*The acceptance of final payment shall constitute a waiver of all claims* by the Contractor except those previously made in writing and identified by the Contractor as unsettled at the time of the final Application for Payment. (Emphasis added).

The District asserts that the trial court rather than the arbitrators, should decide whether the Contractor waived his right to arbitration under the agreement by allegedly accepting final payment, a fact disputed by the Contractor, and further argues that if the issue of waiver is submitted to the arbitrators, the waiver clause is meaningless. While the trial court itself heard evidence on this issue of whether the Contractor accepted final payment, it never made a finding on this point, but ruled instead that the arbitrators were the proper tribunal to do so.

 In common-law arbitration,[3] the arbitrator is the final judge of questions of law and fact; however, an

Pa.Commonwealth Ct. 54, 562 A.2d 977, *petition for allowance of appeal denied,* 525 Pa. 605, 575 A.2d 570 (1989).

**3.** We observe that both parties agree that if arbitration is appropriate here, it is common-law arbitration which should be utilized; school districts have the same rights as a private person to contract for common-law arbitration. *Boyd C. Wagner, Inc. v. Shamokin Area School District,* 120 Pa.Commonwealth Ct. 596, 549 A.2d 1004 (1988).

arbitrator does not have the power to determine his or her own jurisdiction. *Gaslin v. L.G.C. Exports Inc.*, 334 Pa.Superior Ct. 132, 482 A.2d 1117 (1984). In other words, an arbitration panel cannot determine whether it has the power to hear the particular case brought before it. *Id.* Therefore, a court must determine whether a particular dispute falls within the terms of an arbitration agreement. *Hassler v. Columbia Gas Transmission Corp.*, 318 Pa.Superior Ct. 302, 464 A.2d 1354 (1983).

■ The dispute between the District and the Contractor involves the question of whether the Contractor waived his arbitration rights by making final payment of the contract price. Under Section 7.9.1 of the agreement, the parties agreed to arbitrate all claims except those waived by final payment. Therefore, since a waived claim cannot be arbitrated, permitting the arbitrator to decide whether the Contractor's claim was waived is the equivalent of permitting the arbitrator to determine whether the parties' dispute falls inside the terms of the arbitration agreement. Hence, the trial court should have determined if the Contractor waived his right to arbitration. Accordingly, we hold that the trial court erred in allowing this case to proceed to arbitration and we vacate and remand for the trial court to determine if the Contractor waived his right to arbitration. If the trial court finds that a waiver occurred, the case cannot be arbitrated. If the trial court finds no waiver, it should then direct that arbitration proceed.[4]

## ORDER

NOW, March 27, 1991, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is vacated and the case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

In the event the Commonwealth government is party to a contract, arbitration must be conducted as statutory arbitration. *Id.*

4. Because of our disposition in this case, we need not address the District's second issue.