## Bank One Delaware N.A. v. Mitchell

C.P. of Allegheny County, no. GD04-004813.

*William T. Molczan,* for petitioner.
*Gregory P. Mitchell,* pro se.

WETTICK JR., *J.,* January 27, 2005—The subject of this opinion and order of court is a petition of a credit card company to confirm an arbitration award entered against a respondent who was never ordered by any court to proceed to arbitration and who did not participate in the arbitration proceedings.[1]

In its amended petition to confirm arbitration award and enter judgment thereon, Bank One alleges that on or before August 28, 2003, Bank One and respondent entered into a cardmember agreement which contained a provision to settle by arbitration any claims relating to the agreement. Attached as exhibit A to the petition is a writing that the petition describes as a true and correct copy of the pertinent part of the agreement.

---

[1]. This petition is almost identical to numerous other petitions that counsel representing credit card companies have either filed or have refrained from filing until resolution of the petition that is the subject of this opinion and order of court.

Exhibit A is an undated and unsigned notice with the following heading: "IMPORTANT NOTICE FOR BANK ONE CREDIT CARD COMPANIES ABOUT CHANGES TO YOUR BANK ONE CARDMEMBER AGREEMENT." The notice states that a provision is being added to the cardmember agreement providing for disputes between the cardholder and Bank One to be resolved by arbitration. The effective date, according to this notice, is March 1, 1998.[2] The notice provides that disputes will be resolved by binding arbitration by the National Arbitration Forum under its Code of Procedure at the time the claim is filed. The notice also provides that the arbitration agreement shall be governed by the Federal Arbitration Act, 9 U.S.C. §§1-16.

Bank One's amended petition alleges that on or around August 29, 2003, Bank One referred this matter to the National Arbitration Forum because respondent had defaulted under the terms of the cardmember agreement. Subsequently, Bank One forwarded to respondent an arbitration claim and a notice of arbitration explaining respondent's rights and options pursuant to the arbitration process. The claim and the notice, which are attached to Bank One's amended petition as exhibit B1 and exhibit B2, are attached to this opinion as Attachment 1 and Attachment 2.

_____

2. This notice added an arbitration clause to existing cardmember agreements, effective March 1, 1998. However, Bank One's petition does not allege that its agreement with respondent, which was the subject of the arbitration proceedings, was entered into prior to March 1, 1998. It avers only that respondent and Bank One entered into a cardmember agreement on or before August 28, 2003.

The arbitration claim, signed by counsel for Bank One, states that respondent is in breach of the agreement, owing to claimant the principal balance of $6,369.88 plus interest. The prayer for relief seeks an award for the principal amount, interest through the date of filing, additional prejudgment interest, attorney fees, costs of arbitration, and service expenses. The initial provision in the claim is a boldface type statement: **"Respondent(s): This is an arbitration claim against you for money or other relief. You have 30 days to serve the claimant with a written response. If you do not serve the claimant and file with the National Arbitration Forum a written response, an award may be entered against you."** [3]

The notice of arbitration is a form of the National Arbitration Forum which advises the respondent that an arbitration claim has been filed against him. It states that the respondent has 30 days to respond from receipt of service. If he fails to do so, an award may be entered against him that may be enforced in court as a civil judgment. The notice includes a website address and a telephone number from which the respondent can obtain the Code of Procedure. The notice describes two options: the respondent may submit a written response stating his reply and defenses to the claim together with supporting documents or the respondent may request a hearing. [4] The

---

3. Bank One attached to the amended petition an exhibit B3, as proof of service, a Federal Express customer support trace showing delivery at 25 Fordham Avenue on September 9, 2003, with a signature by a person whom Federal Express identified as A. Mitchell.

4. Rule 6 of the Forum's Code of Procedure provides that, after being notified by the Forum that the claim has been accepted for fil-

notice also advises the respondent that he may seek the advice of an attorney.

Bank One's amended petition alleges that after notice was properly given to the respondent, the matter proceeded before an arbitrator who made an award of $6,711.51. The award (amended petition, exhibit C), which is attached to this opinion as Attachment 3, included findings that on or before August 28, 2003, the parties entered into an agreement providing that this matter would be resolved through binding arbitration in accordance with the Forum's Code of Procedure, the parties had the opportunity to present all evidence and information to the arbitrator, the arbitrator reviewed all evidence and information submitted in this case and that the information and evidence submitted supports the issuance of an award as stated.

Neither the award nor the amended petition to confirm arbitration award states that the respondent participated in any way in the arbitration proceedings.

It is my recollection that at oral argument I was advised that respondent had not participated. Thus, the arbitration award was entered pursuant to Rule 36 of the Forum's Code of Procedure which governs arbitration proceedings in the absence of a party:

---

ing, the claimant (Bank One) shall serve on the respondent a copy of the initial claim and the Forum's notice of arbitration. Rule 7 provides that after the claimant files a proof of service, the Forum mails to respondent a second notice of arbitration which advises the respondent that he or she has 30 days from the date of service or 14 days from the date of this notice, whichever is later, to file with the Forum a written response.

*"Rule 36. Arbitration proceedings in absence of a party.*

"(A) An arbitrator may issue an award or order when any party has failed to respond, appear, or proceed at a hearing, or otherwise defend as provided in this code.

"(B) If a party does not respond to a claim, an arbitrator will timely review the merits of the claim for purposes of issuing an award or order. The claimant need not submit an additional request for an award.

"(C) An arbitrator may require an affidavit, information or documents from parties who have appeared or conduct a hearing to receive evidence necessary to issue an award or order. Documents submitted in response to an arbitrator's request shall be filed with the Forum, no later than 30 days after the date of the request.

"(D) Each party making an appearance shall be provided notices relating to a hearing.

"(E) No award or order shall be issued against a party solely because that party failed to respond, appear or defend."

After the arbitration award was issued, Bank One filed in this court a petition to confirm arbitration award and enter judgment thereon. On May 6, 2004, the sheriff served the petition to confirm the arbitration award on respondent.[5] The amended petition, which is the subject of this opinion, was mailed to respondent on July 27,

---

5. The service of this petition by the sheriff upon the respondent satisfied the requirement of 42 Pa.C.S. §7317 which provides that notice of an initial application for an order of court which is governed by the Uniform Arbitration Act shall be served in the manner provided by law for the service of a writ of summons in a civil action.

2004, and included a notice of the date on which it would be presented: August 6, 2004 at 2 p.m. Respondent did not appear on this date.

Bank One's petition avers that the petition to confirm the arbitration award and to enter judgment is filed pursuant to 42 Pa.C.S. §7313. Section 7313 reads as follows:

*"Section 7313. Confirmation of award by court*

"On application of a party, the court shall confirm an award, unless within the time limits imposed by this subchapter, grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in section 7314 (relating to vacating award by court) or section 7315 (relating to modification or correction of award by court)." [6]

Since respondent did not appear on the date of the presentation of the amended petition, my role is limited to determining whether, on the face of the record, petitioner (Bank One) is entitled to the relief which it seeks: The confirmation of the arbitration award and the entry of a judgment based on the award.

Since the amended petition for the entry of a judgment is based on an award that was not made by a court, a court may enter a judgment based on the award only if

---

6. While it does not matter for purposes of this opinion, I believe that Bank One seeks to confirm an arbitration award made pursuant to common-law arbitration. The applicable provision for confirming a common-law arbitration award is 42 Pa.C.S. §7342(b) which provides "[o]n application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common-law arbitration) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order."

the record, including the writings attached to the amended petition, can support a finding that the arbitrator had jurisdiction over the respondent. The record does not support such a finding.

The determination that respondent agreed to submit Bank One's claim to an arbitrator was made solely by the arbitrator in his arbitration award. Under settled Pennsylvania law, an arbitrator has no authority to decide questions of jurisdiction. See *Shadduck v. Christopher J. Kaclik Inc.,* 713 A.2d 635, 637 (Pa. Super. 1998) ("It is well-settled that the issue of whether a particular dispute falls within a contractual arbitration provision is a matter of law for the court to decide."); *Ross Development Co. v. Advanced Building Development Inc.,* 803 A.2d 194, 197 (Pa. Super. 2002) ("[T]he question of substantive arbitration is for the courts while procedural arbitration is left to the arbitrators."); *Smith v. Cumberland Group Limited,* 455 Pa. Super. 276, 284, 687 A.2d 1167, 1171 (1997) ("the threshold question of whether a party agreed to arbitrate a dispute is a jurisdictional question that must be decided by a court") (citations omitted); *Northampton Area School District v. Skepton,* 138 Pa. Commw. 574, 577-78, 588 A.2d 1020, 1022 (1991) ("an arbitrator does not have the power to determine his or her own jurisdiction") (citation omitted); and *Gaslin Inc. v. L.G.C. Exports Inc.,* 334 Pa. Super. 132, 139, 482 A.2d 1117, 1121 (1984) (an arbitrator's "power has not been extended to the degree that he may determine his own jurisdiction").[7]

---

7. Under settled Pennsylvania law, judicial inquiry is limited to determining whether a valid agreement to arbitration exists between the parties and if so, whether the dispute involved is within the scope

It is very possible that petitioner (Bank One) can establish that respondent is a party to a credit card agreement containing an arbitration clause and that petitioner's claim comes within the scope of the arbitration provision. However, petitioner must do so in a court proceeding instituted pursuant to 42 Pa.C.S. §7304(a) before the cardholder is required to arbitrate the dispute.[8]

There is no requirement in the law for a cardholder to participate in an arbitration proceeding in the absence of a court order finding that a credit card issuer is raising a claim governed by an arbitration clause. Since an arbitrator cannot require a respondent to litigate before the arbitrator the issue of the authority of the arbitrator to hear a claim filed by a party alleging that the claim is governed by an arbitration clause, a respondent cannot be penalized for his or her failure to participate in the arbitration proceeding that resulted in an ex parte award against this respondent. In other words, respondent was not required to arbitrate Bank One's claim until Bank One established in a court that its claim is governed by a valid agreement to arbitrate. Thus, respondent is not bound by the ex parte proceeding even if a court subsequently determines that Bank One's claim is governed by an arbitration clause.

---

of the arbitration provision. *Highmark Inc. v. Hospital Service Association,* 785 A.2d 93, 98 (Pa. Super. 2001). A matter shall proceed to arbitration if a court determines that a valid agreement to arbitrate exists between the parties and that the dispute involved is within the scope of the arbitration provision. *Keystone Technology Group Inc. v. Kerr Group Inc.,* 824 A.2d 1223, 1227 (Pa. Super. 2003).

8. Section 7304(a) applies to both common-law and statutory arbitration. See section 7342(a).

Proceedings to compel arbitration are governed by 42 Pa.C.S. §7304(a):

*"Section 7304. Court proceedings to compel or stay arbitration*

*"(a) Compelling arbitration.*—On application to a court to compel arbitration made by a party showing an agreement described in section 7303 (relating to validity of agreement to arbitrate) and a showing that an opposing party refused to arbitrate, the court shall order the parties to proceed with arbitration. If the opposing party denies the existence of an agreement to arbitrate, the court shall proceed summarily to determine the issue so raised and shall order the parties to proceed with arbitration if it finds for the moving party. Otherwise, the application shall be denied."

This statute permits only a court to order parties to proceed with arbitration upon a showing of an agreement to arbitrate. It does not allow an arbitrator to order a party to proceed to arbitration.[9]

Section 7304(a), which provides for a party to file an application with the court to compel arbitration (and for the court to determine whether there is an agreement to arbitrate), and sections 7313/7342(b), which provide for a court to confirm an arbitration award, create a scheme of enforcement of an arbitration clause in which a party

---

9. For statutory arbitration—but not for common-law arbitration—a party, by participating in the arbitration proceeding, does not waive its right to vacate the arbitration award on the ground that there was no agreement to arbitrate provided that the party raised the issue at the arbitration hearing (*i.e.,* the court does not defer to the arbitrator). Compare 42 Pa.C.S. §7314(a)(1)(v) with section 7341.

initially obtains a court order compelling arbitration and, subsequently, a court order confirming the arbitration award.[10] See *e.g.,* Zhaodong Jiang, *Federal Arbitration Law and State Court Proceedings,* 23 Loy. L.A. L. Rev. 473, 525 (1990). Thus, a party who bypasses section 7304(a) cannot utilize section 7313 or section 7342(b) to confirm an arbitration award entered in an arbitration proceeding in which the respondent did not participate.

What Bank One is attempting to create—by seeking to obtain a judgment pursuant to 42 Pa.C.S. §7313 against a party who did not participate in the arbitration proceedings—is another method for obtaining default judgments that does not provide the same safeguards as those provided by the Pennsylvania Rules of Civil Procedure governing default judgments and that would require the extensive use of judicial resources.

The arbitrator found proper service in accordance with Rule 6 of the Forum Code of Procedure where apparently the only proof of service is a Federal Express customer support trace showing that delivery to Gregory P. Mitchell at 25 Fordham Avenue, Pittsburgh, PA 15229, was made by delivery at 25 Fordham Avenue to (an unreadable first name) with a Federal Express notation of "Signed for by A. Mitchell." [11] Under the Pennsylvania

10. This is consistent with the well-established principle of statutory construction that statutes or parts of statutes that relate to the same class of things are to be construed together, if possible. *Casiano v. Casiano,* 815 A.2d 638, 642 (Pa. Super. 2002); 1 Pa.C.S. §1932.

11. Code of Procedure Rule 6.B.2 provides that service of the initial claim shall be effective if done by "Delivery by a private service with the delivery receipt signed by a person who received the document."

Rules of Civil Procedure, service must be made by the sheriff by handing a copy to the defendant or to someone that the sheriff identifies as being an adult member of the family with whom defendant resides or, if no family member is found, an adult person in charge of the residence. Pa.R.C.P. 400 and 402.

Pa.R.C.P. 1018.1 requires every complaint to begin with a notice to defend which instructs the defendant to take the paper to the defendant's lawyer at once and includes the name, address, and telephone number of an office that can provide information about hiring a lawyer or obtaining legal services at a reduced fee or no fee. Under Pa.R.C.P. 1037(b), a default judgment may be entered by the prothonotary only if the complaint contains a notice to defend. Under Pa.R.C.P. 237.1(a) (2)(ii), a default judgment may not be entered without a 10-day notice mailed after the failure to file a responsive pleading within the time permitted by Pa.R.C.P. 126. These safeguards are not provided in arbitration proceedings.

The Pennsylvania Rules of Civil Procedure and the case law governing default judgments provide greater protection following the entry of the default judgment than the protection afforded the respondent against whom an ex parte arbitration award is entered. A party seeking to open or strike a default judgment has more grounds for doing so including the right to have the judgment opened by filing an answer setting forth a meritorious defense within 10 days of the filing of the default judgment. See Pa.R.C.P. 237.3.

The Pennsylvania Rules of Civil Procedure and the case law governing default judgments are designed to fairly balance the protections afforded a plaintiff and the

protections afforded a defendant. Arbitration has never been viewed as a method for circumventing the protections against default judgments afforded defendants in consumer credit transactions. Attempts to use it in this fashion—if permitted by statute—would bring into play many of the constitutional issues raised in connection with the use of confession of judgment clauses in consumer transactions.[12]

Also—and probably most important—Pennsylvania's default judgment procedures are designed to minimize judicial involvement in the entry of judgments for failure of a defendant to file a responsive pleading. Under Rule 1037(b), responsibility is given to the prothonotary to review the record to determine if the record supports the entry of the default judgment sought by the plaintiff who has filed a praecipe for the entry of a default judgment. Thus, it is an employee of the prothonotary—and not a judge—who reviews the record to determine whether defendant has, in fact, failed to file a responsive pleading to the plaintiff's complaint, whether the record shows that service was properly made pursuant to the Pennsylvania Rules of Civil Procedure,

12. For example, the confession of judgment procedures of the 1970s in consumer transactions were found to unconstitutionally shift the burden to the defendant to challenge the entry of the confessed judgment. In the same way, the burden would be shifted to the defendant if a judgment can be entered against a respondent who did not participate in the arbitration proceedings unless the respondent can show that he or she never entered into an agreement containing an arbitration clause. The only differences are that a confessed judgment could not be entered without a writing signed by the defendant containing a confession of judgment clause and a confessed judgment would be opened if the defendant could produce evidence which in a jury trial would require the issues to be submitted to a jury.

whether the record includes a certificate showing that an important notice was mailed after default and at least 10 days prior to the filing of the praecipe for the entry of a default judgment, and whether the allegations in the complaint support the entry of the judgment which the plaintiff seeks.

In 2004, approximately 8,500 default judgments were entered by the prothonotary in this court. For these 8,500 default judgments, the involvement of a judge was limited to an estimated 150 to 200 petitions to open or strike a default judgment.[13]

If credit card issuers and other consumer lenders are permitted to utilize the procedure that Bank One is proposing rather than the default judgment procedures governed by the Pennsylvania Rules of Civil Procedure, a judge—rather than the prothonotary—would review the creditor's request for the entry of a judgment. The review that a judge must conduct would be more extensive and more complicated than the review conducted by the prothonotary prior to the entry of a default judgment.

A judge would need to determine whether the record shows that the respondent was properly served with the arbitration claim (*i.e.,* without service the arbitration award is a nullity). Where a plaintiff files a praecipe with the prothonotary for entry of a default judgment, the is-

---

13. In many instances, the petitions were filed within 10 days of the entry of the default judgment so the only issue before the court (assuming the petition to open was contested) was whether the proposed answer stated a meritorious defense. See Rule 237.3(b).

sue as to service is whether the record contains a proof of service mandated by the Pennsylvania Rules of Civil Procedure, and whether the proof of service establishes that service was made in accordance with the Pennsylvania Rules of Civil Procedure. Service of an arbitration claim will not have been made pursuant to the Pennsylvania Rules of Civil Procedure. Thus, judges would be required to determine, by reviewing the entire record, how service was made and whether this service complied with the due process clause of the United States Constitution (a far more complicated process than the application of the mechanical standards of the Pennsylvania Rules of Civil Procedure). In the present case, for example, a judge would need to determine whether the record showing a Federal Express delivery received by someone whom Federal Express identified as A. Mitchell provided constitutionally adequate notice of the arbitration proceedings to Gregory P. Mitchell.

Assuming that service was adequate, the due process clause requires that the notice of the arbitration proceeding served on a defendant give sufficient notice to the defendant of what is involved in the arbitration proceedings and the steps the defendant must take to defend the claim. *Again, the measuring stick is not the Pennsylvania* Rules of Civil Procedure but, instead, the due process clause.

Also, since the arbitration award is a nullity without an agreement to arbitrate, a judge would need to determine whether the record shows the existence of an agreement to arbitrate.

In addition, a judge would need to determine that the petition to confirm the arbitration award was properly

served and that the judgment which the card issuer seeks is supported by the arbitration award.

Historically, arbitration has been viewed as an alternative method for resolving contested claims. It has never been viewed as a method for obtaining a judgment against a party who was never ordered to arbitrate and who did not participate in the arbitration proceedings. The courts have enforced arbitration agreements because the arbitration of a dispute that would otherwise be litigated in the courts conserves judicial resources. Judicial resources are not conserved by using arbitration proceedings—rather than the courts—to obtain default judgments.

Sections 42 Pa.C.S. 7313 and 7342(b) should be construed in a manner that is consistent with the use of arbitration to resolve contested disputes that would otherwise be litigated in the courts. Thus, these sections should not be construed to operate independently from 42 Pa.C.S. §7304.

In this opinion, I have considered only the Pennsylvania legislation governing arbitration because Bank One's petition states that it is filed pursuant to 42 Pa.C.S. §7313 and does not refer to the Federal Arbitration Act.[14] However, assuming that the Federal Arbitration Act places

---

14. The arbitration clause upon which Bank One relies states that arbitration under this clause will be governed by the Federal Arbitration Act. However, the Federal Arbitration Act does not establish an independent basis for federal jurisdiction (see *Southland Corp. v. Keating,* 104 S.Ct. 852, 861 n.9 (1984); *Harry Hoffman Printing Inc. v. Graphic Comm. Int. Union,* 912 F.2d 608, 611 (2d Cir. 1990)), so in this transaction—and in most consumer credit transactions—a credit card company must look to the state courts to confirm its arbitration awards.

some restrictions on the manner in which state courts enforce Federal Arbitration Act arbitration awards, these restrictions would reach only those state procedures that materially interfere with the essential purposes of the Federal Arbitration Act. Jiang, *Federal Arbitration Law in State Court Proceedings,* 23 Loy. L.A. L. Rev., *supra* at 520, 532.

It does not appear that the Federal Arbitration Act was designed to provide for ex parte arbitration awards where the defendant was not ordered to arbitrate the claim. Section 4 of the Federal Arbitration Act, 9 U.S.C. §4, permits a party aggrieved by the failure of another to arbitrate under a written agreement for arbitration, to petition the court for an order directing arbitration. This legislation, unlike the Pennsylvania legislation, includes the right of the party opposing arbitration to demand a jury trial of the issue.

Case law governing the Federal Arbitration Act states that an important purpose of the Act is to relieve congestion of the courts. If the Federal Arbitration Act would be construed to recognize ex parte arbitration awards in favor of a party who did not obtain an order compelling arbitration, the vast majority of the ex parte awards would be entered in consumer transactions that do not meet the monetary limits for federal court jurisdiction. Congress would not have intended to require the state courts to replace a default judgment procedure that does not involve proceedings before a judge with a procedure to enter ex parte arbitration awards which requires extensive judicial involvement.

I recognize that credit card holders are seldom going to voluntarily participate in arbitration proceedings. I also

recognize that it may not be feasible for a credit card company to file in almost every case a petition to compel arbitration pursuant to 42 Pa.C.S. §7304. However, this does not mean that the credit card company which does not file a petition to compel arbitration in every claim will be forced to litigate its contested claims in the Pennsylvania courts.

Under Pennsylvania case law, a party does not waive its right to compel arbitration by filing a complaint. *Keystone Technology Group Inc. v. Kerr Group Inc.,* 824 A.2d 1223 (Pa. Super. 2003). Consequently, a credit card company may file in the Pennsylvania courts a complaint with allegations that its agreement with the defendant includes an arbitration clause and that it intends to obtain a court order compelling arbitration if the defendant denies the claim raised in the complaint. The complaint will be served under the Pennsylvania Rules of Civil Procedure governing service of a complaint.

If the defendant does not file a responsive pleading to the complaint, the cardholder may obtain a default judgment pursuant to Rule 1037. If the defendant files an answer admitting that there is an agreement to arbitrate the claim and denying the claim, the plaintiff may commence an arbitration proceeding and, if successful, file a petition to confirm the arbitration award pursuant to 42 Pa.C.S. §§7313 or 7342(b).[15] If the defendant denies both the claim and that there is an agreement to arbitrate the

---

15. The pleading will establish that the arbitrator had jurisdiction to hear the claim.

claim, the cardholder may file a petition to compel arbitration pursuant to 42 Pa.C.S. §7304(a).[16]

In summary, I am denying Bank One's amended petition to confirm arbitration award and enter judgment thereon for two reasons:

First, in the absence of a court order compelling the respondent to proceed with arbitration, the arbitrator does not have any jurisdiction over a respondent who never participated in or otherwise acknowledged the arbitration proceeding.

Second, since 42 Pa.C.S. §§7304(a), 7313 and 7342(b) are part of a statutory scheme for enforcing arbitration agreements, a court shall confirm an arbitration award under section 7313 or section 7342(b) only if the respondent either was ordered to proceed with arbitration pursuant to section 7304(a) or voluntarily participated in the arbitration proceeding.

For these reasons, I enter the following order of court:

## ORDER

On January 27, 2005, it is hereby ordered that the amended petition of Bank One Delaware N.A., to confirm arbitration award and to enter judgment thereon is denied.

---

16. The Civil Procedural Rules Committee of the Pennsylvania Supreme Court is recommending that New Rules of Civil Procedure 1326 et seq. be promulgated to govern proceedings to compel arbitration and to confirm arbitration awards in consumer credit transactions. The recommendation was published for comment on the home page of the administrative office of the Pennsylvania courts on January 20, 2005. This proposal, which governs only consumer credit transactions, creates a procedure similar to the procedure described in this portion of this opinion.

ATTACHMENT 1

*Exhibit B1*

## IN THE NATIONAL ARBITRATION FORUM
## CLAIM

Bank One Delaware N.A.,
*formerly known as* First USA Bank N.A.,
*successor in interest to* FCC National Bank N.A., c/o
Mann Bracken LLC
229 Peachtree Street, NE
Suite 700, International Tower
Atlanta, GA 30303-1601
USA, CLAIMANT,

> RE: Bank One Delaware N.A. v. Gregory P. Mitchell
> Forum File Number: FA0308000191166
> Account No.: ****************

Gregory P. Mitchell
Pittsburgh, PA 15229
USA, RESPONDENT(S)

RESPONDENT(S): THIS IS AN ARBITRATION CLAIM AGAINST YOU FOR MONEY OR OTHER RELIEF. YOU HAVE 30 DAYS TO SERVE THE CLAIMANT WITH A WRITTEN RESPONSE. IF YOU DO NOT SERVE THE CLAIMANT AND FILE WITH THE NATIONAL ARBITRATION FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU.

COMES NOW, claimant, Bank One Delaware N.A., *formerly known as* First USA Bank N.A., *successor in*

*interest to FCC National Bank N.A.* (claimant or Bank One), and states its claim against respondent and shows this honorable Forum the following:

(1) Respondent is in breach of the cardmember agreement, to which claimant succeeds as obligee following the merger of the original issuer, FCC National Bank with First USA Bank N.A. and the subsequent merger of First USA Bank N.A. and claimant. The material provisions of the agreement and amendments thereto are quoted below. Counsel for claimant will provide exemplar agreements and/or amendments via e-mail or regular mail upon request.

(2) Respondent's breach arises from his/her failure to honor the payment terms of the agreement. Revolving credit was extended to respondent in reliance upon the terms of the agreement. The debt, which is the subject of the instant claim, arises from revolving credit extended to respondent in the form of credit card account number ****************.

(3) Respondent(s) continuing default under the terms of the agreement has resulted in a present principal debt on account due and owing to claimant in the amount of $6,369.88, as reflected in the attached account summary, plus interest accrued through the date of filing in the total amount of $216.13. Interest continues to accrue upon the principal balance due at the rate of 6.00 percent. The foregoing interest rate is the pre-judgment legal rate of interest authorized by the state law governing the agreement (as quoted immediately below), to wit, the law of the State of Delaware:

"*GOVERNING LAW:* THIS AGREEMENT AND YOUR ACCOUNT WILL BE GOVERNED BY THE

LAW OF THE STATE OF DELAWARE AND, AS APPLICABLE, FEDERAL LAW."

Submitted for the convenience of the tribunal is a true and correct copy of the relevant statute, 6 Del. C. §2301, appended hereto as exhibit "A". [not published herein]

(4) This account was declared as a bad debt on March 31, 2002, at which point it was 210 days delinquent. The date of the last payment received on the account was July 30, 2001. Despite repeated attempts by claimant and claimant's counsel and/or agents to resolve this claim short of resort to the remedy sought herein, respondent(s) has/have not paid the amounts due or otherwise made provision for an accord and satisfaction of the claim at bar.

(5) Claimant proceeds herein pursuant to the following provision of the agreement, as amended:

"*Arbitration:* Any claim, dispute or controversy (claim) by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this agreement or your account, including claims regarding the applicability of this arbitration clause or the validity of the entire agreement, shall be resolved by binding arbitration by the National Arbitration Forum, under the Code of Procedure in effect at the time the claim is filed. Rules and forms of the National Arbitration Forum may be obtained and claims may be filed at any National Arbitration Forum office, www.arb-forum.com, or P.O. Box 50191, Minneapolis, Minnesota 55405, telephone 1-800-474-2371. Any arbitration hearing at which you appear will take place at a location within the federal judicial district that includes your billing address at the time the claim is filed. This

arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§1-16. Judgment upon any arbitration award may be entered in any court having jurisdiction.

"This arbitration agreement applies to all claims now in existence or that may arise in the future except for claims by or against any unaffiliated third party to whom ownership of your account may be assigned after default (unless that party elects to arbitrate). Nothing in this agreement shall be construed to prevent any party's use of (or advancement of any claims, defenses or offsets in) bankruptcy or repossession, replevin, judicial foreclosure or any other prejudgment or provisional remedy relating to any collateral, security or property interests for contractual debts now or hereafter owed by either party to the other under this agreement.

"IN THE ABSENCE OF THIS ARBITRATION AGREEMENT YOU AND WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO LITIGATE CLAIMS THROUGH A COURT, AND/OR TO PARTICIPATE OR BE REPRESENTED IN LITIGATION FILED IN COURT BY OTHERS, BUT EXCEPT AS OTHERWISE PROVIDED ABOVE, ALL CLAIMS MUST NOW BE RESOLVED THROUGH ARBITRATION."

(6) Claimant respectfully requests an award in its favor for the amounts reflected in paragraph 3 herein together with the costs, fees and expenses of collection described more fully at subparagraphs A through C of this paragraph. The foregoing elements of ancillary relief are provided

for by the agreement (as quoted immediately below) and authorized by the laws of the State of Delaware.

"*Default/Collection Costs:* Your account will be in default and we may demand immediate payment of the entire amount you owe us without giving you prior notice if: (1) in any month we do not receive your minimum monthly payment by the payment due date; (2) you make purchases or obtain cash advances in excess of your credit line; (3) you fail to comply with this agreement; (4) there is a filing for your bankruptcy; (5) you die or become incapacitated; (6) we believe in good faith that the payment or performance of your obligations under this agreement is impaired for any other reason. *As permitted by applicable law, you agree to pay all collection expenses actually incurred by us in the collection of amounts you owe under this agreement (including court costs and the fees of any collection agency to which we refer your account) and, in the event we refer your account after your default to an attorney who is not our regularly salaried employee, you agree to pay the reasonable fees of such attorney.* We will not be obligated to honor any attempted use of your account if a default has occurred or we have determined to terminate your account or limit your account privileges (as described below)." (emphasis added)

Submitted for the convenience of the tribunal are true and correct copies of the relevant statutes, to wit, 10 Del. C. §3912, appended hereto as exhibit "B" and 5 Del. C. §951, appended hereto as exhibit "C". [not published herein]

(A) Attorney's fees;

(B) Costs of arbitration: (i) A filing fee of $35 already incurred by claimant; (ii) a commencement fee as may be incurred; (iii) any administrative fees as may be incurred; (iv) any other or further fees as may be incurred in the course of these proceedings;

(C) Expenses incurred by the claimant in serving the respondent with this claim.

Wherefore, claimant respectfully requests the issuance of an award in its favor as follows:

(a) In the amount of $6,369.88 for the principal amount of debt due and owing from respondent to claimant;

(b) In the amount of $216.13 for interest accrued on said principal amount through the date of this filing;

(c) For prejudgment interest at the legal rate of 6.00 percent from the date of this filing through the issuance of award;

(d) Attorney's fees of $636.99;

(e) All costs of arbitration as may be incurred by claimant in the course of these proceedings;

(f) Service expenses as incurred in serving this claim upon respondent;

(g) Any other or further relief that this honorable Forum deems appropriate.

The undersigned asserts, under penalty of perjury, that the information contained in this claim and the supporting documents attached hereto are true and correct.

RESPONDENT(S) MUST SEND A WRITTEN RESPONSE TO THE NATIONAL ARBITRATION FORUM, WITH A COPY TO THE CLAIMANT, WITHIN

30 DAYS OR AN AWARD MAY BE ENTERED IN FAVOR OF THE CLAIMANT.

James D. Branton, Esq., for the claimant
Claimant Contact:
Mann Bracken LLC
Attention: James D. Branton, Esq.
229 Peachtree Street, NE
Suite 700, International Tower
Atlanta, GA 30303-1601
1-800-817-3214
arbitration@mannbracken.com

---

## ATTACHMENT 2

## *Exhibit 2*

## NOTICE OF ARBITRATION

Dear Respondent,

AN ARBITRATION CLAIM HAS BEEN FILED AGAINST YOU.

Enclosed and served upon you is the Initial Claim. You may obtain a copy of the Code of Procedure, without cost, from the claimant or from the Forum at WWW.ARBITRATION-FORUM.COM or 800/474-2371.

IF YOU DO NOT SERVE THE CLAIMANT AND FILE WITH THE FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU. AN

ARBITRATION AWARD MAY BE ENFORCED IN COURT AS A CIVIL JUDGMENT.

YOU HAVE 30 DAYS TO RESPOND FROM RE-CEIPT OF SERVICE.

You have a number of options at this time. You may:

(1) *Submit a written response to the claim,* stating your reply and defenses to the claim, together with documents supporting your position. Your response must be served on the claimant and filed with the Forum. Read Forum Code of Procedure Rule 13. A counterclaim, cross-claim or third-party claim may also be served and filed, and accompanied by the fee as provided in the fee schedule. Forms for such response and claims may be obtained from the Forum. If you fail to respond in writing to the claim, an award may be entered against you and in favor of the claimant and you will lose your case.

(2) *Demand a document hearing or a participatory hearing.* You may request a hearing in your response or in a separate writing. Unless you have agreed otherwise, an in-person participatory hearing will be held in the Judicial District where you reside or do business. You may also request a hearing on-line or by telephone. Your written request for a hearing must be filed with the Forum. You must also serve a copy of your request on the claimant and any other parties. Read Forum Code of Procedure Rules 25 and 26.

(3) *Have other options.* You may seek the advice of an attorney or any person who may assist you regarding this arbitration. You should seek this advice promptly so that your response can be served and filed within the time required by the Code of Procedure. If you have any

questions or need help in responding, you may contact the Forum.

The Forum is an independent and impartial arbitration organization, which does not give legal advice or represent parties. THIS SUMMARY IS NOT A SUBSTITUTE FOR READING AND UNDERSTANDING THE CODE OF PROCEDURE WHICH GOVERNS THIS ARBITRATION.

National Arbitration Forum
P.O. Box 50191
Minneapolis, MN USA 55405-0191
(651) 631-1105, (800) 474-2371
info@arb-forum.com
ARBITRATION-FORUM.COM

---

ATTACHMENT 3

*Exhibit C*

NATIONAL ARBITRATION FORUM

Bank One Delaware N.A.
c/o Mann Bracken LLC
229 Peachtree Street, NE
Suite 700, International Tower
Atlanta, GA 30303-1601, CLAIMANT(s),

AWARD

RE: Bank One Delaware N.A. v. Gregory P. Mitchell

File Number: FA0308000191166

Claimant File Number: ****************

Gregory P. Mitchell

Pittsburgh, PA 15229, RESPONDENT(s).

The undersigned arbitrator in this case FINDS:

(1) That no known conflict of interest exists.

(2) That on or before August 28, 2003, the parties entered into an agreement providing that this matter shall be resolved through binding arbitration in accordance with the Forum Code of Procedure.

(3) That the claimant has filed a claim with the Forum and served it on the respondent in accordance with Rule 6.

(4) That the matter has proceeded in accord with the applicable Forum Code of Procedure.

(5) The parties have had the opportunity to present all evidence and information to the arbitrator.

(6) That the arbitrator has reviewed all evidence and information submitted in this case.

(7) That the information and evidence submitted supports the issuance of an award as stated.

Therefore, the arbitrator ISSUES:

An award in favor of the *claimant,* for a total amount of $6,711.51.

Entered in the State of Pennsylvania

Kathleen Daerr-Bannon, Esq.

Arbitrator

Date: 10/29/2003

## ACKNOWLEDGEMENT AND CERTIFICATE OF SERVICE

This award was duly entered and the Forum hereby certifies that a copy of this award was sent by first class mail postage prepaid to the parties at the above referenced addresses on this date.

Honorable Harold Kalina
Director of Arbitration
10/29/2003